# IN THE COURT OF APPEALS OF IOWA

No. 17-0986
Filed February 7, 2018

**MATHEW S. COLLETT,**
        Plaintiff-Appellee,

**vs.**

**KARI A. VOGT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Monona County, Jeffrey A. Neary,

Judge.


        Kari Vogt appeals a district court ruling on her petition to modify a

paternity and custody decree.  **AFFIRMED.**



        Amamda Van Wyhe of Van Wyhe Law Firm & Mediation Center, P.L.C.,

Sioux City, for appellant.

        Sabrina L. Sayler of Crary Huff Law Firm, Sioux City, for appellee.



        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Kari Vogt appeals a district court ruling on her petition to modify a decree concerning the paternity and custody of her and Mathew Collett's minor child, B.A.C. She contends the district court erred in concluding she did not establish the change in circumstances necessary for modification of the school-selection provision of the original decree.[1] Both parties request an award of appellate attorney fees.

## I.      Background Facts and Proceedings

On Kari's appeal from the original decree, a panel of our court previously made the following findings as to these parties:

> Mathew Collett and Kari Vogt were never married to each other, but lived together for a period of time, separating in February 2012. Shortly after they separated Kari discovered she was pregnant. On August 28, Mathew filed a petition to establish paternity, custody, parenting time, and child support. The parties' child was born in October 2012.
> . . . .
> The trial was held on November 21, with physical care as the main issue. Mathew testified he was thirty-four years old and lived

---

[1] Kari separately argues the district court erred in ordering that the minor child attend school in the Onawa, Iowa school district. As will be discussed below, this was initially ordered in the original decree and the district court, finding no change in circumstances not contemplated by the court at the time of the original decree, declined to modify the same in the modification proceeding. We therefore consider this argument part of Kari's change-in-circumstances argument.

Kari finally contends the district court erred in not ordering the child's father to provide transportation for the minor child on the school days Kari has to work. The authorities Kari cites in support of this argument concern the validity and effect of stipulation and settlement agreements. Kari seems to argue that Mathew's testimony that he would agree to a certain transportation arrangement should have prompted the district court to order the arrangement he testified his agreement to. Kari provides us with no on-point legal authority or legal analysis to support this argument. We deem the argument waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority . . . to support such arguments."); *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

in Onawa, Iowa. He was employed as a carpenter for Morton Buildings. Mathew asked for joint physical care of the child. He stated he and Kari primarily communicated through text messages and about ninety-seven percent of the time they had "civil and respectful conversations." According to Mathew, the parties attended doctor visits together and were able to communicate about parenting issues. Mathew has been diagnosed with bipolar disorder and post-traumatic stress disorder, which he controls with medication.

Kari was twenty-six years old at the time of the trial. She also lived in Onawa, but planned to move to Salix, which is twenty-five miles from Onawa. Kari was employed as a licensed practical nurse, working thirty-six hours per week. Kari was previously married and has two children, ages five and three, from that relationship. These two children are in Kari's physical care; the oldest child has special needs. Kari asserted the child in this case was bonded with her other two children. Kari requested physical care of the child. She testified the parties had communication problems, but were civil when communicating about fifty or seventy-five percent of the time.

The court entered a paternity decree on January 29, 2014. The court granted the parties joint legal custody and joint physical care of the child. . . . The court ordered the child should attend school in Onawa, unless the parties agreed otherwise.

*Collett v. Vogt*, No. 14-0530, 2014 WL 5862144, at *1 (Iowa Ct. App. Nov. 13, 2014). In ordering that the child attend a specific school district, the district court contemplated that "Kari resides in Onawa, but expresses a plan or desire to move to Salix (approximately 25 miles away) after the first of the year 2014." The district court further noted, "If Kari moves to Salix as she is contemplating, this may have a negative impact on Mat's relationship with" the child.

Our court further explained:

On February 12, Kari filed a combined motion to amend or enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2) and motion for new trial pursuant to rule 1.1004(7). In the motion to amend or enlarge, she . . . . challenged[, among other things,] the court's ruling[] . . . that the child should attend school in Onawa. In the motion for new trial, she asserted that after the paternity trial she moved to Salix and Mathew had obtained new employment, which changed his working hours. Mathew resisted the motion.

The district court entered a ruling on March 7. The court determined Kari was seeking to present evidence of facts and circumstances that occurred after the trial, and while these may be the basis for a modification, they were not the basis for a new trial. Therefore, the court did not consider the new evidence Kari sought to present. The court declined to amend or enlarge the paternity decree, finding the same arguments had been raised during the trial.

*Id.* at *2.

Kari's first appeal challenged, among other things, the provision of the decree that ordered the child should attend school in Onawa unless the parties otherwise agreed. *Id.* at *3–5. We affirmed this provision of the decree, concluding "[w]hile the living arrangements of the parties may change over the years, it was not unreasonable for the court to determine the child should attend school in the school district where both parties were currently residing." *Id.* at *5.

In December 2016, Kari filed a petition to modify in which she alleged there had been a change in circumstances that would warrant modification of the school-selection provision of the original decree. She alleged that since the time of the trial, she moved to Sloan, Iowa and, as a result of her move, absent modification, she would experience logistical difficulties in relation to attending school activities and transporting her three children to school, as her other two children attended school in Sloan. Mathew filed a counterclaim requesting additional modifications.

Following a trial, the district court denied Kari's requested modification but minimally modified one of the provisions concerning parenting exchanges. As to Kari's request, the ruling provided, in part, the following:

In this case the undersigned was the trial judge for the original custody determination. . . .

. . . .

. . . . Kari now lives in Sloan, Iowa and she resided in Onawa at the time of the original decree, but has since moved first to Salix, then to Sloan where she now resides. Kari expressed a plan to move to Salix at the time of the trial on the original Petition for Custody on November 21, 2013, and this was noted in the Court's findings of fact. This Court recalls that at the time of the original trial on the initial custody matter that while Kari expressed intent to move to Salix, such expressions are often the case and less often what actually happens. The Court did not at that time conclude as a fact that the move to Salix was in fact going to happen, but it did indicate a willingness on Kari's part to move from Onawa and it prompted the Court to anticipate her move in providing that [the child] attend school in the Onawa, Iowa school district unless the parties otherwise agreed.

. . . .

The Court originally viewed Kari's contemplation of moving to Salix at the time of the original proceeding with skepticism. The Court felt that Kari may use that move to create a distance between Mat and [the child] and thereby have more control over [the child] and her time with Mat. It further indicated to the Court at the time a bit of instability that the Court was fearful would have a negative impact on [the child] and for these reasons, the court required [the child] to attend school in Onawa. The Court continues to have concerns that Kari may attempt to exercise more control over [the child] and Mat in a way that may create undo tensions in the shared parenting agreement. Considering all of the arguments in favor of a modification of the school selection originally made by the Court in its original custody order, the Court concludes that there has been no material change in circumstances not contemplated by the Court at the time of its original custodial decree.

Kari filed a motion to reconsider, enlarge, or amend. The court denied

Kari's motion, stating:

The Court considered all of [Kari's] arguments when it considered the evidence at the time of the trial on the petition to modify and since the undersigned was the original trial judge and the author of the original custody decree it is uniquely postured to know what was in the Court's contemplation at th[e] time [of the] original decree so as to properly consider the evidence with regard to the requested modification.

Kari appeals.

## II.     Standard of Review

In paternity actions, we consider issues ancillary to the question of paternity, such as the school-selection provision in this case, de novo. *See Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

## III.     Modification

When a party seeks to modify the provisions of a custody decree concerning visitation or the school district a child attends, the party "must only show there has been a material change of circumstances since the filing of the decree and the change is in the child's best interests." *Vogt v. Hermanson*, No. 17-0303, 2017 WL 2875697, at *1 (Iowa Ct. App. July 6, 2017); *see In re Marriage of Spears*, 529 N.W.2d 299, 302 (Iowa Ct. App. 1994); *see also In re Marriage of Salmon*, 519 N.W.2d 94, 95 (Iowa Ct. App. 1994). This is a less extensive change in circumstances than is required in cases in which a parent is attempting to modify custody. *See Spears*, 529 N.W.2d at 302. However, the change in circumstances necessary to modify the school-selection or visitation provisions of a decree must still have been outside the contemplation of the district court at the time it entered its original decree. *See In re Marriage of Albrecht*, No. 13-1660, 2014 WL 2885247, at *4 (Iowa Ct. App. June 25, 2014); *In re Marriage of Moore*, No. 99-0280, 2000 WL 564165, at *3 (Iowa Ct. App. May 10, 2000).

In this case, the mother petitioned for modification, alleging her move from Onawa amounted to a change in circumstances warranting modification. In the

original decree, the court specifically noted its contemplation of the mother's plan to move from Onawa in ordering that the child attend the Onawa school district. In response to Kari's motion for a new trial, the court declined to consider post-trial evidence that Kari had in fact moved from Onawa after the initial decree. Kari's move does not change the court's clear contemplation of Kari's plan to move when it entered the decree. The district court echoed its initial contemplation of Kari's plan to move in its ruling on the modification petition as well as its ruling on Kari's subsequent motion to reconsider, enlarge, or amend. Upon our de novo review, we conclude there has been no change in circumstance because the alleged change in circumstance was contemplated by the district court at the time it entered the initial decree. Thus, Kari has not satisfied an essential element of her claim. We therefore affirm the denial of Kari's petition for modification.

## IV. Appellate Attorney Fees

Both parties request an award of appellate attorney fees. *See* Iowa Code § 600B.26 (2016); *Schaffer v. Frank Moyer Constr. Inc.*, 628 N.W.2d 11, 23 (Iowa 2001) (holding that a statute allowing an award of trial attorney fees permits an award of appellate attorney fees as well). An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *Id.* In consideration of these factors, we decline to award appellate attorney fees to Kari, and we award

appellate attorney fees to Mathew in the amount of $1000.  Costs on appeal are assessed to Kari.

**V.      Conclusion**

We affirm the denial of Kari's petition for modification.  We decline to award appellate attorney fees to Kari, and we award appellate attorney fees to Mathew in the amount of $1000.  Costs on appeal are assessed to Kari.

**AFFIRMED.**