# IN THE COURT OF APPEALS OF IOWA

No. 17-1713
Filed November 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LUNDELL EARLEST BUCHANAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Casey D. Jones, District

Associate Judge.


        Lundell Buchanan appeals multiple criminal convictions following a jury trial.

**AFFIRMED ON CONDITION AND REMANDED WITH DIRECTIONS.**


        Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Lundell Buchanan appeals multiple criminal convictions following a jury trial. He contends the racial composition of the jury pool violated his constitutional right to a jury drawn from a fair cross-section of the community.[1]  Our review is de novo. *See State v. Plain*, 898 N.W.2d 801, 810, 821 (Iowa 2017).

Before the impaneling of the jury the morning of trial, defense counsel stated the following to the court:

> [W]e'd like to strike the entire jury panel as not reflective as . . . a fair cross section of the community.  We would note that not only are the initial 25 potential or prospective jurors Caucasian, but all of the remaining jury pool are Caucasian as indicated on their jury questionnaires.  We don't believe this is a true reflection of the community.  Lundell Buchanan, being an African-American male, is not willing to stand trial before this panel as it is not reflective as a true cross section of the community.

The State resisted, asserting Buchanan presented no evidence of systematic exclusion of potential jurors on the basis of race.  *See id.* at 823–24 (discussing

---

[1] Buchanan also seems to argue the district court abused its discretion in denying his morning-of-trial request for new counsel on the basis that he previously alleged his defense counsel rendered ineffective assistance in a prior representation.  Buchanan additionally seems to contend his attorney was ineffective in failing to discover this circumstance sooner.  Because Buchanan provides us with no legal authority to support his position that the district court's denial of the motion was improper, we deem the argument waived.  *See* Iowa R. App. P. 6.903(2)(g)(3); *Ingraham v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume.").  To the extent he argues counsel was ineffective, we find the record sufficient to conclude Buchanan failed to meet his burden to show his counsel failed to perform an essential duty or that he suffered prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).

On Buchanan's jury-composition argument, the State forwards other error-preservation and waiver arguments with respect to the technical format of Buchanan's brief on appeal in relation to his failure to state where in the record error was preserved on the argument and how error was actually preserved in the district court.  We find Buchanan's brief is sufficient to advise us how and when error was preserved, and error was preserved when the district court denied Buchanan's request for additional time to investigate the composition of the jury.

the third element for establishing a violation of the fair cross-section requirement defined in *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). Defense counsel responded he would "like an opportunity to look into . . . some kind of systematic exclusion" and requested the court to recess the trial so he could get "discovery on the method of how these prospective jurors were selected for this panel." The court denied Buchanan's motion to strike the jury panel, citing Buchanan's failure to provide evidence to establish a prima facie case of systematic exclusion and noting "it is clear that Linn County is vastly Caucasian."

On appeal, Buchanan argues defense counsel's "request to recess to investigate this matter further and possibly present evidence on this violation was not only reasonable, but constitutionally necessary."

Recently, in *Plain*, an African-American defendant objected to the racial composition of his jury pool where African Americans represented 8.9% of the population of the county in which the trial was held, but "the pool of potential jurors included only one African-American man among fifty-six potential petit jurors—or 1.8% of the group." *Id.* at 810. When a defendant lodges a fair cross-section objection, the defendant has the burden to establish a prima facie case by showing:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Id.* at 821–22 (quoting *Duren*, 439 U.S. at 364). Plain was unable to present any evidence of systematic exclusion in conjunction with his objection, thus negating

the establishment of a prima facie case of a violation of the fair cross-section requirement. *Id.* at 810. On appeal, the State argued the failure to present evidence was dispositive, while Plain argued his failure to present evidence was because the jury manager did not provide him with the jury-pool data that he requested. *Id.* at 810, 827. The supreme court sided with Plain, concluding:

> Defendants are entitled to access the information needed to enforce their constitutional right to a jury trial by a representative cross-section of the community. . . . To the extent Plain did not meet his prima facie case with respect to the third prong of the test, we conclude he lacked the opportunity to do so because he was not provided access to the records to which he was entitled.

*Id.* at 828.

Although the circumstances in this case are different, we find the supreme court's admonishment that "[d]efendants are entitled to access the information needed to enforce their constitutional right to a jury trial by a representative cross-section of the community" compelling and equally applicable. Although we fully acknowledge the State's concern for the multiple and frequent continuances of the trial in this case and Buchanan's apparent motives to instigate the same, the jury-composition issue did not reveal itself until the morning of trial, at which time defense counsel recognized it and raised the issue. The procedural history of this case does not dissolve Buchanan's ability to effectively guard his constitutional right to a jury drawn from a fair cross-section of the community when a potential violation of that right rears its head, albeit at the eleventh hour.

Here, Buchanan requested a recess of the trial so he could attempt to obtain the information he is entitled to receive when the potential jury-composition issue first became apparent the morning of trial. Because defendants are entitled to

access the information necessary to enforce their right to a jury drawn from a fair cross-section of the community, we conclude the district court should have granted Buchanan's request and allowed him to investigate the matter.[2] Consistent with *Plain*, we conditionally affirm Buchanan's convictions and remand the matter to the district court for development of the record on the challenge to the composition of the jury. *See id.* at 829. Following development of the record, we direct the district court to determine whether Buchanan's constitutional right to a representative jury was violated. If so, the court shall grant a new trial.

**AFFIRMED ON CONDITION AND REMANDED WITH DIRECTIONS.**

---

[2] As to the State's complaint on appeal that Buchanan did not present evidence on the second *Duren* prong, concerning representativeness, the State appeared to concede in the district court African Americans were underrepresented in the jury pool, as it only resisted on the basis of systematic exclusion.