# IN THE COURT OF APPEALS OF IOWA

No. 19-0962
Filed September 25, 2019

**IN THE INTEREST OF G.P. and R.P.,**
**Minor Children,**

**R.P., Father,**
 Appellant.

_____

Appeal from the Iowa District Court for Montgomery County, Amy Zacharias, Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

C. Kenneth Whitacre, Glenwood, for appellant father.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Karen Mailander, Anita, guardian ad litem for minor children.

Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his two children under Iowa Code section 232.116(1)(e) and (f) (2019).[1]  The father's argument on appeal is limited to the following assertions, all apparently directed at the court's findings under section 232.116(1)(e): (1) "The State failed to prove that the father failed to maintain significant and meaningful contact with the child during the previous six (6) consecutive months," (2) "the court erred in finding that there was no meaningful contact," and (3) "[t]he State has failed to attempt to help the father maintain contact with his children."  He fails to make any argument directed at the findings under section 232.116(1)(f).

The father has failed to cite to any legal authorities or point to any facts in the record to support his arguments.  "To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume."  *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).  It is not our duty to "speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."  *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).  The father's failure to mount an argument or provide us with the facts he believes support reversal waives error.  *See* Iowa R. App. P. 6.903(2)(g)(3); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also* Iowa R. App. P. 6.201(1)(d) ("The petition on appeal shall

---

[1] The children's mother's parental rights were also terminated.  She does not appeal.

substantially comply with form 5 in rule 6.1401); *id.* r. 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.").

Although we acknowledge termination-of-parental-rights appeals are expedited and the opportunity for briefing is abbreviated, *see generally* Iowa R. App. P. 6.201, the father's position is not adequately formulated to facilitate our review. Consequently, we affirm the termination of the father's parental rights.[2]

**AFFIRMED.**

---

[2] In any event, the father's sufficiency-of-the-evidence argument is limited to termination under section 232.116(1)(e); he concedes termination was appropriate under section 232.116(1)(f), noting he "cannot assume custody of the children." Because the father agrees termination was appropriate under one statutory alternative, the issue need not be addressed. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

As to the father's reasonable-efforts challenge, we agree with the State that the father has failed to preserve error, as the record indicates the father did not challenge the reasonableness of the State's efforts until the time of the termination hearing, which is too late. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005); *In re S.R.,* 600 N.W.2d 63, 65 (Iowa Ct. App. 1999).