# IN THE COURT OF APPEALS OF IOWA

No. 20-0048
Filed March 4, 2020

IN THE INTEREST OF C.B.,
Minor Child,

D.C., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Karl Wolle of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her minor child.[1] In addition to challenging the sufficiency of the evidence supporting the statutory grounds cited by the juvenile court, she argues termination is not in the child's best interests, the permissive statutory exception to termination contained in Iowa Code section 232.116(3)(c) (2019) should be applied to preclude termination, and the State failed to make reasonable efforts at reunification.

The mother does not specifically challenge any of the juvenile court's findings of fact or conclusions of law, nor does she point to any facts in the record in support of the issues she presents. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401"); 6.1401– Form 5(8) ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . .  General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.").

Although the mother provides boilerplate citations to legal authorities, she provides no argument as to how these authorities apply to the facts of this case or how their potential application would warrant reversing the juvenile court.  "To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

---

[1] The father's rights were also terminated.  He does not appeal.

It is not our duty to "speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).

The mother's failure to mount an argument or point us to the facts she believes support reversal waives error. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."). Although we acknowledge termination-of-parental-rights appeals are expedited and the opportunity for briefing is abbreviated, *see generally* Iowa R. App. P. 6.201, the mother's arguments are not adequately formulated to facilitate our review.

In any event, a de novo review of the record reveals the following pertinent facts. The child was born in April 2019. Prior thereto, the mother was involved in child-welfare proceedings as to two other children; her parental rights to those children have since been terminated. In early May, the mother tested positive for methamphetamine; the child was removed from her care and placed in foster care, where the child has remained. Shortly after removal, the mother tested positive for methamphetamine and cocaine. The child tested positive for methamphetamine as well when taken in for an assessment. The mother continued to test positive for methamphetamine throughout the proceedings, including mere weeks before the termination hearing in December. The mother unwaveringly denied drug use. The mother also has significant mental-health issues and continues to maintain an on-again, off-again relationship with a domestic abuser. The mother never progressed beyond fully-supervised visitation.

The juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(g) and (h). Upon our de novo review, we find the evidence clear and convincing to support termination under both grounds. Having given "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," we find termination to be in the child's best interests. Iowa Code § 232.116(2). We are unable to find "clear and convincing evidence that the termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." *Id.* § 232.116(3)(c). As to reasonable efforts, the mother claims she "offered exhibits and testimony at the termination of parental rights trial" that "show by clear and convincing evidence that the State failed to provide [her] with reasonable efforts." The mother only offered one exhibit at the termination trial, and it has no relation to the State's reasonable-efforts mandate. While the mother testified she requested bus passes from the department and did not receive them, passively suggested her contact with the department and child was insufficient, and stated her belief the department did not support reunification, she agreed she otherwise "asked nothing of them." In any event, raising the issues at the time of the termination hearing was too late to preserve the claim for appellate review. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Even if the mother had preserved error, we would conclude the State's efforts were reasonable under the circumstances of the case.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**