## IN THE COURT OF APPEALS OF IOWA

No. 20-0346
Filed June 3, 2020

**IN THE INTEREST OF J.H.,**
**Minor Child,**

**A.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Magdalena Reese of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her child.[1]  Her substantive argument is solely limited to the following: "Termination of the mother's parental rights is not in the best interest of the minor child" because "[t]here is a substantial bond between the mother and the minor child, it is not in the child's best interest that such a bond be severed, and the State has presented no evidence to support the severance of the bond."  She also passively disagrees with the juvenile "court's findings of fact conclusions of law and order terminating parental rights."

We find the mother's vague arguments, merely supported by conclusory statements without references to the record, to be insufficient to facilitate our review and deem them waived.[2]  *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General*

---

[1] The child's father's parental rights were also terminated.  He does not appeal.

[2] The argumentative portions of the mother's petition on appeal are limited to the following:

> Termination of the mother's parental rights is not in the best interest of the minor child.
>
> There is a substantial bond between the mother and minor child.  It is not in the child's best interest that such a bond be severed, and the State has provided no evidence to support the severance of that bond.
>
> . . . .
>
> . . . . Findings of fact or conclusions of law which Appellant disagrees with: Pages 3–12 of the lower court's Findings of Fact, Conclusions of Law, and Order Terminating Parental Rights.

*conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*" (emphasis added)); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).[3] We acknowledge the expedited nature of this appeal, *see generally* Iowa R. App. P. 6.201, but the mother has failed to provide us anything to review. We affirm.

**AFFIRMED.**

---

[3] In any event, upon our de novo review, *see In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019), we conclude the State met its burden for termination under at least Iowa Code section 232.116(1)(f) (2019). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."). We likewise conclude termination and adoption is in the child's best interests, the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011). We finally conclude the application of a statutory exception to termination would be contrary to the child's best interests, and the mother failed to meet her burden to show such an exception should be applied. *See in re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018); *see also* Iowa Code § 232.116(3).