**IN THE COURT OF APPEALS OF IOWA**

No. 21-0513
Filed June 30, 2021

**IN THE INTEREST OF K.S.,**
**Minor Child,**

**R.S., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


     A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


     Colin McCormack of Van Cleaf & McCormack Law Firm, LLP, Des Moines,

for appellant mother.

     Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant

Attorney General, for appellee State.

     Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor child.


     Considered by May, P.J., Ahlers, J., and Scott, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**SCOTT, Senior Judge.**

A mother appeals the termination of her parental rights to her child, born in 2016, pursuant to Iowa Code section 232.116(1)(f) (2020).[1] Her sole argument on appeal is that there was insufficient evidence to support the final element of that provision—that the child could not be returned to the mother's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4) (requiring "clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents"); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

We find the mother's vague argument, supported by conclusory statements without references to the record, to be insufficient to facilitate our review and deem them waived.[2] *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you

---

[1] The father's rights were also terminated. He does not appeal.

[2] The mother's substantive argument is limited to the following:

> The mother asserts that such clear and convincing evidence is not present in the record below.
>
> To show that the minor child cannot be returned to the mother as provided by Iowa Code § 232.102 requires finding, by clear and convincing evidence, that said child would be exposed to adjudicatory harm that would warrant a [child-in-need-of-assistance] finding if returned. The lower court makes such a finding, but then proceeds to attempt to support it only with speculation regarding the mother. There is not clear and convincing evidence that the mother is incapable of being a minimally adequate and safe parent, only concerns that she might not be, and the burden is on the petitioner, not the mother. In the absence of such clear and convincing evidence, the Court should reverse the lower court's termination order.

disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

In any event, upon our de novo review, *see In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019), we conclude the State met its burden for termination under Iowa Code section 232.116(1)(f).  At the time of the termination hearing, despite more than two years of services, the mother simply was not at a point that the child could be safely returned to her care.  We affirm the termination of the mother's parental rights.

**AFFIRMED.**