**Robert Louis INGHRAM, a Minor, by his Father, Next Friend and Conservator of his Property, Louis L. Inghram, Individually, Appellees,**

**and**

**Francis A. Rohlf, Appellee,**

v.

**DAIRYLAND MUTUAL INSURANCE COMPANY, Appellant.**

**No. 56131.**

Supreme Court of Iowa.

Feb. 20, 1974.

Elliott R. McDonald, Jr., McDonald & McDonald, Davenport, for appellant.

Robert A. Van Vooren and Thomas N. Kamp, Lane & Waterman, Davenport, for appellee Robert Louis Inghram.

John J. Carlin, McCracken & Carlin, Davenport, for appellee Francis A. Rohlf.

HARRIS, Justice.

Defendant insurance company appeals a judgment for refusing to defend under an automobile liability insurance policy. We dismiss the appeal.

On June 23, 1970 we filed our opinion in Inghram v. Dairyland Mutual Ins. Co., 178 N.W.2d 299 (Iowa 1970) in which this same action was "(r)eversed and remanded with instructions that an order on adjudication of law points be entered consistent with this opinion."

Apparently on a theory thought to be excluded from our decision (see 178 N. W.2d at 300) the matter was upon remand again litigated in district court. This resulted in a judgment against Dairyland for the $13,274.84 described in our earlier opinion. We dismiss this appeal because of wholesale failure to comply with our appellate rules.

Dairyland's counsel have filed with us a brief and argument which fails to conform with the requirements of either the former or present rule 344, Rules of Civil Procedure (contents of briefs and arguments on appeal). The brief fails to cite or mention a single authority; not one case or statute is listed or argued.

We have from time to time noted such unprofessional failure can lead to summary disposition of an appeal. We are not bound to consider a party's position upon such failure either in a criminal case (State v. Streit, 248 Iowa 260, 80 N.W.2d 318, and State v. Fiedler, 260 Iowa 1198, 152 N.W.2d 236) or civil case (Olson v.

Olson, 180 N.W.2d 427 (Iowa 1970), and James v. Rosen, 203 N.W.2d 256 (Iowa 1972)).

 In such situations we have generally, as a matter of grace, proceeded with a determination of the appeal on its merits, supplying by our own efforts the legal research which the rules prescribe should be undertaken in the first instance by counsel. But we believe the omissions in this case demand enforcement of our appellate rules. To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.

Appeal dismissed.

All Justices concur, except LeGRAND, J., who takes no part.