**IN THE COURT OF APPEALS OF IOWA**

No. 16-1338
Filed October 12, 2016

**IN THE INTEREST OF D.G. AND D.G.,**
**Minor children,**

**R.G., Father,**
        Appellant,

**W.H., Mother,**
        Appellant.

_____


Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.


Mother and father appeal from the order terminating their respective parental rights in their children pursuant to Iowa Code chapter 232 (2015).

**AFFIRMED ON BOTH APPEALS.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant father.

Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Janet L. Hoffman, Assistant Attorney General, for appellee State.

Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

A mother and father appeal from the order terminating their respective parental rights in their children, D.G. and D.G. The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2015) and the father's parental rights pursuant to section 232.116(1)(h). The standard of review and controlling framework are well-established and need not be repeated herein. *See, e.g.*, *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (stating review is de novo and setting forth the applicable "three-step analysis"); *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014) (same).

We turn our attention to the statutory ground authorizing termination of the parent's respective rights, specifically section 232.116(1)(h). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). As relevant here, the State was required to prove the children could not be returned to the parent's custody "at the present time." Iowa Code § 232.116(1)(h)(4). "At the present time" means at the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111. Children cannot be returned to the parent's care if the children would remain in need of assistance or would be at risk of adjudicatory harm. *See In re R.R.K.*, 544 N.W.2d 274, 277 (Iowa Ct. App. 1995), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

On de novo review, we conclude clear and convincing evidence supports termination of the parent's respective rights pursuant to section 232.116(1)(h). This family has a long history of involvement with the Iowa Department of Human

Services ("IDHS"). The mother has had her rights in four other children terminated in two separate cases due to her inability to care for them because of her cocaine and methamphetamine abuse. In this case, the family came to the attention of IDHS in December 2015 when the younger child tested positive for amphetamines and methamphetamine at birth. The parents consented to the removal of the children, who were placed with their maternal grandmother and then with their paternal aunt. At the time of the termination hearing, both parents continued to have unaddressed substance abuse problems, as evidenced by repeated positive drug test results for methamphetamine and the father appearing for court under the influence of alcohol. The prospect of either parent achieving sobriety is close to zero: The parents have a long history of substance abuse; the mother completed treatment but continued to use; and the father denies use despite test results establishing the fact of use. The prospect of either parent being able to care for the children is also close to zero. The parents did not participate in parenting services offered to address their respective deficiencies in caregiving. The record establishes the parents were unable to exercise appropriate supervision of and care for the children at the time of the termination hearing.

The father contends the juvenile court should have granted him an additional six months' time to work toward reunification. The plain language of section 232.104(2)(b) provides that additional time shall not be granted unless the juvenile court specifically finds the basis for the need for removal of the child will no longer exist at the end of the six-month period. *See* Iowa Code § 232.104(2)(b). We conclude the juvenile court did not err in denying the request.

As stated above, there is little prospect of the father addressing the issues giving rise to removal. The father has criminal drug history. He denied any use or even knowledge of what methamphetamine was despite repeatedly testing positive for the same. Rather than addressing his substance abuse, the father blames lab contamination, among other things, for the positive test results. What's past is prologue. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) ("When making this decision, we look to the parent's past performance because it may indicate the quality of care the parent is capable of providing in the future." (internal quotations omitted)); *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("When the issue is a parent's drug addiction, we must consider the treatment history of the parent to gauge the likelihood that the parent will be in a position to parent the child in the foreseeable future."); *id.* ("Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting."); *In re R.D.*, No. 14–0252, 2014 WL 1714959, at *2–3 (Iowa Ct. App. Apr. 30, 2014) (affirming termination of parental rights where mother sought more time pursuant to section 232.104(2)(b) but continued use during proceedings).

The father also contends the closeness of his relationship with the children should serve to preclude termination. Section 232.116(3)(c) provides the court may avoid termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The factor is permissive, and the court may use its discretion in deciding whether to apply the factor to continue the parent-child

relationship. *See A.M.*, 843 N.W.2d at 113. Our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child would be disadvantaged by termination, and whether the disadvantage overcomes" the father's inability to provide for the children's developing needs. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). Like the juvenile court, we decline to exercise the permissive exception to termination of the father's rights. The children are young, and they have been removed from the father's care for a substantial period of time. The father has little to no bond with the younger child. The father's limited bond with the older child does not outweigh the risk of harm the father poses to the child or the child's need for permanency.

The mother raises six challenges to the termination of her parental rights. While the mother identifies the issues, she does not present any argument in support of the identified issues. To address the issues under these circumstances, we would be obliged "to assume a partisan role and undertake the appellant's research and advocacy." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). We decline to do so. The mother has waived the issues. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) (stating "random mention of [an] issue, without elaboration or supportive authority, is insufficient to raise the issue for [appellate] consideration").

In the end, on de novo review, we conclude the State established by clear and convincing evidence termination of each parent's rights was authorized pursuant to section 232.116(1)(h), termination of parental rights was in the best

interests of the children, and no countervailing considerations weighed in favor of continuing the parental relationships.  We affirm the judgment of the district court.

**AFFIRMED ON BOTH APPEALS.**