# IN THE COURT OF APPEALS OF IOWA

No. 18-1701
Filed January 23, 2019

**IN THE INTEREST OF J.G.,**
**Minor Child,**

**J.G., Father,**
    Appellant,

**D.B., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant father.

Mandy L. Whiddon of Whiddon Law, Omaha, Nebraska, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Marti D. Nerenstone, Council Bluffs, guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

A mother and father separately appeal the termination of their parental rights to their minor child, born in 2017, at which time the child tested positive for methamphetamine. Both parents challenge the sufficiency of the evidence to support termination of their parental rights.[1] Our review is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). The juvenile court terminated both parents' rights under Iowa Code section 232.116(1)(b), (e), and (h) (2018). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under section 232.116(1)(h), the parents only appear to challenge the State's establishment of the final element of that provision—that the child could not be returned to their care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring "clear and convincing evidence that the

---

[1] In the "material facts" sections of each parent's petitions on appeal, they passively suggest "reasonable efforts have not been made by the State." Because the parents' "random discussion" of these issues is not accompanied by an argument of any kind or citations to legal authority, and because neither parent specifically identifies these matters as "legal issues presented for appeal," we deem these issues waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *McCleeary v. Wirtz*, 222 N.W.2d 409, 417 (Iowa 1974) (noting "random discussion" of an issue "will not be considered"); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Furthermore, neither parent identifies when or how, prior to the termination hearing, they alerted the juvenile court of their reasonable-efforts complaints. As such, they have failed to preserve error on the issue. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (noting parents have an "obligation to demand other, different or additional services prior to the termination hearing"); *see also In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge.").

child cannot be returned to the custody of the child's parents . . . at the present time"); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

The record shows that, at the time of the termination hearing, the father was in federal custody in Nebraska. We conclude the State met its burden to show the child could not be returned to the father's care at the time of the termination hearing. *See In re S.J.*, 620 N.W.2d 522, 526 (Iowa Ct. App. 2000) ("There was no chance of immediate reunification, as [the father] was still incarcerated."). As to the mother, her participation in services was minimal until the few weeks leading up to the termination hearing and she had yet to progress beyond fully-supervised visitation. The mother's last-minute efforts do not militate against a finding the child could not be returned to her care at the time of the termination hearing. *See C.B.*, 611 N.W.2d at 495. Further, at the time of the termination hearing, the mother was living in Nebraska. A representative of the Iowa Department of Human Services testified the interstate-compact-on-placement-of-children process would need to be conducted before the child could be placed with the mother in Nebraska. Finally, the mother testified it would be another "three to four months" before she "can provide a safe environment for [her] son." We likewise conclude the State met its burden to show the child could not be returned to the mother's care at the time of the termination hearing. To the extent the parents argue termination is not in the child's best interests, upon our de novo review, we disagree.

We affirm the termination of both parents' parental rights.

**AFFIRMED ON BOTH APPEALS.**