**IN THE COURT OF APPEALS OF IOWA**

No. 18-2175
Filed March 6, 2019

**IN THE INTEREST OF J.J.,
Minor Child,**

**F.M., Father,**
      Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A father appeals the termination of his parental rights to his minor child. **AFFIRMED.**

Aaron H. Ginkens of Ginkens Law Firm, P.L.C., West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith Lamberti, Assistant Attorney General, for appellee State.

William E. Sales III of Sales Law Firm, P.C., Des Moines, guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights to his minor child pursuant to Iowa Code section 232.116(1)(b), (e), and (h) (2018).[1] On appeal, the father simply questions "whether termination of [his] parental rights was proper" under the grounds cited by the juvenile court, "whether termination of [his] parental rights [is] in the child's best interests," and "whether termination of [his] parental rights was proper given the closeness and bond of the parent-child relationship."

The father does not specifically challenge any of the juvenile court's findings of fact or conclusions of law, nor does he point to any facts in the record relative to the questions he poses. *See* Iowa R. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); *id.* r. 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.").

Although the father provides boilerplate citations to legal authorities, he provides no argument as to how these authorities apply to the facts of this case or how their potential application would warrant reversing the juvenile court. "To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to

---

[1] The mother appealed the termination of her parental rights as to the child she shares with the appellant, Ja.J, and another of her children, Jo.J. The supreme court dismissed the mother's appeal for failure to timely file her petition on appeal. Jo.J.'s father's rights were also terminated. He does not appeal.

assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). It is not our duty to "speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996).

The father's failure to mount an argument or provide us with the facts he believes support reversal waives error. *See* Iowa R. App. P. 6.903(2)(g)(3); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Although we acknowledge termination-of-parental-rights appeals are expedited and the opportunity for briefing is abbreviated, *see generally* Iowa R. App. P. 6.201, the father's position is not adequately formulated to facilitate our review.

In any event, a de novo review of the record reveals the following. The child in interest was born prematurely in October 2017. The mother consented to removal in December. The child was adjudicated a child in need of assistance in February 2018. The appellant was subsequently identified as the child's biological father. A petition to terminate the father's parental rights was filed in September, and the juvenile court granted the petition in December, terminating the father's rights under Iowa Code section 232.116(1)(b), (e), and (h). The father did not participate in services throughout the life of this case, and he has never met the child. We find the State provided clear and convincing evidence to support termination under each alternative, termination is in the child's best interests, and the application of a statutory exception to termination is not warranted.

We affirm the termination of the father's parental rights.

**AFFIRMED.**