**IN THE COURT OF APPEALS OF IOWA**

No. 18-1293
Filed March 18, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERNEST TOBY GASTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cedar County, Mark Lawson, Judge.


        Defendant appeals his convictions for eluding and possession of marijuana,

third or subsequent offense.  **AFFIRMED.**


        Eric D. Tindal of Keegan Tindal & Mason, PC, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Ernest Gaston appeals his convictions for eluding and possession of marijuana, third or subsequent offense. Gaston claims it was error for the court to proceed with his pleas of guilty until his competency had been determined. We find no error in the trial court accepting the pleas, and we affirm Gaston's convictions.

## I.     Background Facts & Proceedings

According to the minutes of testimony, on March 27, 2018, a State trooper observed a red Jeep Grand Cherokee driving seventy-four miles per hour in a sixty-five-mile-per-hour zone on Interstate 80. The trooper activated his emergency lights, but the Jeep accelerated, so the trooper turned on his siren and pursued the Jeep. The Jeep traveled at speeds up to 110 miles per hour. Eventually the trooper got in front of the Jeep while another trooper got behind it, and they forced the Jeep to pull over onto the shoulder of the road.

The driver of the Jeep, Gaston, was placed under arrest. During a search incident to arrest, officers found a small baggie of marijuana in the pocket of Gaston's jeans. The Jeep had a strong odor of marijuana, and Gaston admitted smoking marijuana. Gaston's driver's license was barred at the time due to his status as a habitual offender.

Gaston was charged with Count I, eluding, in violation of Iowa Code section 321.279(3) (2018); Count II, operating a motor vehicle while barred, in violation of section 321.561; and Count III, possession of marijuana, third or subsequent offense, in violation of section 124.401(5).

Gaston entered into a plea agreement in which he agreed to plead guilty to Counts I and III. The State agreed to dismiss Count II and recommend concurrent sentences. At the guilty plea proceeding, Gaston stated he was driving on the interstate and "kept going" when the trooper had his lights and siren activated. He stated he was in possession of marijuana at the time, which was in leaf form and in a baggy. Gaston stated he knew the substance was marijuana. He admitted to prior convictions for possession of crack cocaine and possession of marijuana. The court accepted Gaston's guilty plea.

Prior to sentencing, the court received a presentence investigation report (PSI), which noted, "Mr. Gaston reported he was diagnosed with a learning disability as a child and received education assistance throughout his educational years." Gaston dropped out of school after the tenth grade and was unable to obtain a GED. He receives Social Security disability benefits. The PSI stated, "Mr. Gaston is unable to manage his finances and his common-law wife . . . is his payee."

At the sentencing hearing, the State recommended Gaston receive five years on each count, to be served concurrently. Gaston asked for a deferred judgment. His attorney stated Gaston received disability benefits "for learning disabilities or a mental health impairment." Gaston stated:

> I would like to apologize to my family, to the Court and to the community for my actions due to my drug addiction which has led me to many turmoil years in life, Your Honor. And if granted—and if not granted any reprieve, Your Honor, I would use this time to better myself so that I can be a better person, father, son for the community and for my family.

Gaston was sentenced to a term of imprisonment not to exceed five years on each count, to be served concurrently. He appeals.

## II.     Standard of Review

Competency issues are reviewed de novo. *State v. Einfeldt*, 914 N.W.2d 773, 778 (Iowa 2018).

## III.     Discussion

In general, "[i]f the defendant fails to file a motion in arrest of judgment after the court has informed the defendant of his or her obligation to do so, he or she cannot directly appeal from the guilty plea." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017); *see also* Iowa R. Crim. P. 2.24(3)(a). A defendant is not precluded, however, from challenging a guilty plea "under a claim of ineffective assistance of counsel." *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). This is because a claim of ineffective assistance of counsel is "an exception to our normal rules of error preservation." *Id.*

The district court adequately informed Gaston of his obligation to file a motion in arrest of judgment if he wanted to challenge his guilty plea. Gaston in passing mentions ineffective assistance of counsel only in the standard-of-review or preservation of error portion of his appellate brief. Gaston does not argue he received ineffective assistance of counsel because defense counsel did not file a motion in arrest of judgment to challenge his guilty plea.[1] *See State v. Straw*, 709

---

[1] We decline to reach the merits of an ineffective-assistance-of-counsel argument because to do so "would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume." *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

N.W.2d 128, 140 (Iowa 2006) (noting there is an exception when the failure to file a motion in arrest of judgment is the result of ineffective assistance of counsel).

Rather, Gaston argues the district court should have held a hearing to determine if he was competent to enter a guilty plea. Iowa Code section 812.3(1) provides, in part:

> If at any stage of a criminal proceeding the defendant or the defendant's attorney, upon application to the court, alleges specific facts showing that the defendant is suffering from a mental disorder which prevents the defendant from appreciating the charge, understanding the proceedings, or assisting effectively in the defense, the court shall suspend further proceedings and determine if probable cause exists to sustain the allegations. The applicant has the burden of establishing probable cause.

The court may raise the issue of competency on its own motion. Iowa Code § 812.3(1).

"A guilty plea proceeding is a 'stage of a criminal proceeding' for purposes of section 812.3." *State v. Kempf*, 282 N.W.2d 704, 707 (Iowa 1979). "Probable cause exists for a competency hearing when a reasonable person would believe that there is a substantial question of the defendant's competency." *Einfeldt*, 914 N.W.2d at 779. "The relevant considerations include (1) the defendant's apparent irrational behavior, (2) any other demeanor that suggests a competency problem, and (3) any prior medical opinion of which the trial court is aware." *State v. Mann*, 512 N.W.2d 528, 531 (Iowa 1994). We presume a defendant is competent to stand trial and the defendant has the burden to prove he was not competent. *Id.*

We only consider those factors known to the court at the time of the guilty plea hearing. *State v. Walton*, 228 N.W.2d 21, 23 (Iowa 1975) ("Our task . . . is to examine all the circumstances before [the] trial court to determine if at the time his

plea was accepted there existed an unresolved reasonable doubt as to defendant's competence to plead guilty."); *see also State v. Jasper*, No. 16-2039, 2017 WL 6513603, at *3 (Iowa Ct. App. Dec. 20, 2017) ("But we only consider factors known by the court at the time of the plea colloquy."). Therefore, we do not consider the information in the PSI that Gaston claims shows he was not competent to plead guilty, as the district court did not have the PSI at the time of the plea colloquy.

During the plea colloquy, Gaston stated he went to eleventh grade but did not have a GED or high school diploma. He denied having "any difficulty reading, writing, or understanding the English language." He denied being under the influence of any medications, drugs, or alcohol at the time of the hearing. Gaston initially denied having any other pending charges but after discussion with his attorney stated he did have charges in other counties.

Gaston was able to provide a factual basis for his guilty plea. He stated he had been driving a Jeep Cherokee on the interstate and "[he] kept going" when an officer with his lights and siren activated followed him. He stated at the time he was in possession of marijuana. Gaston stated the marijuana was in a baggy and was in leaf form, and "[i]t was in [his] pocket." When asked about a prior conviction from 2004, Gaston stated, "I don't remember, but yeah." He agreed the State could prove the conviction from the record. Gaston remembered a second conviction from 2017.

After a thorough and detailed colloquy, the district court found there was an adequate factual basis for the plea and stated, "[T]he defendant is aware of his rights and voluntarily waives them, that he understands the nature of the charges and the consequences of a plea of guilty to those charges."

We determine Gaston has not presented evidence that would cause a reasonable person to believe that there was a substantial question of his competency. *See Einfeldt*, 914 N.W.2d at 779. There was no evidence of irrational behavior, any other demeanor that would suggest a competency problem, or any prior medical opinion of which the court was made aware. *See Mann*, 512 N.W.2d at 531. "[S]ubnormal intelligence is only one factor to be considered in determining whether an accused is competent to stand trial; it will not in itself bar the trial." *Id.* We conclude Gaston has not met his burden to show he was not competent. *See id.*

Even if we were to consider the information in the PSI, the evidence does not show Gaston was "suffering from a mental disorder which prevents [him] from appreciating the charge, understanding the proceedings, or assisting effectively in the defense." *See* Iowa Code § 812.3(1). The evidence shows Gaston understood the charges, as he was able to provide a factual basis for them, understand the proceedings, and assist in his defense. We note Gaston had a lengthy criminal history and was not previously declared to be incompetent. *See State v. Jarrell*, No. 12-1262, 2013 WL 535775, at *3 (Iowa Ct. App. Feb. 13, 2013) (noting in a discussion of the defendant's competency that the defendant "was not a neophyte to the criminal justice system at the time he entered" his plea).

Upon our review, we find no evidence in the record to indicate Gaston was not competent such that the trial court should have sua sponte scheduled a competency hearing and rejected Gaston's pleas. Accordingly, we affirm the defendant's convictions.

**AFFIRMED.**