# IN THE COURT OF APPEALS OF IOWA

No. 21-0783
Filed August 18, 2021

IN THE INTEREST OF J.W. and D.C.,
Minor Children,

S.W., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Louisa County, Emily Dean, District Associate Judge.

The mother appeals the termination of her parental rights. **AFFIRMED.**

Kyle D. Massner of Cray Law Firm, PLC, Burlington, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Travis Inghram of Inghram Law, PLLC, attorney and guardian ad litem for minor children.

Considered by Tabor, P.J., and Greer, J. and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GREER, Judge.**

The mother appeals the termination of her parental rights to J.W. and D.C., born in 2010 and 2016, respectively.[1] The juvenile court terminated the mother's parental rights to both children under Iowa Code section 232.116(1)(d), (e), (f), (g), (i), and (*l*) (2021). The mother challenges some of the statutory grounds, asks for a six-month extension to work toward reunification, argues termination is not in the children's best interest because of the bond they share with her, and argues for a guardianship in the maternal grandmother in lieu of termination.

We review the termination of parental rights de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "[T]hus 'it is our duty to review the facts as well as the law and adjudicate rights anew on those propositions properly preserved and presented to us.'" *In re Dameron*, 306 N.W.2d 743, 745 (Iowa 1981) (citation omitted). In reviewing the decision to terminate, "[o]ur primary concern is the best interests of the child[ren]." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm on any ground we find supported by clear and convincing evidence. *In re A.B.*, 815 N.W.2d 764, 775 (Iowa 2012). Here, the juvenile court terminated the mother's rights under six grounds. The mother fails to make a cognizable challenge under section 232.116(1)(f), which allows the court to terminate parental rights if it finds:

---

[1] The parental rights of J.W.'s biological father, who is also D.C.'s legal father, were also terminated. He does not appeal.

At the time of the termination order, the parental rights of D.C.'s putative father (the presumed biological father, who refused to participate in the case) were left intact because "the [termination] Petition did not address any putative fathers of" D.C.

(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not make an argument challenging whether paragraph (f) was proved, although she cites the following from the termination order as a "fact or conclusion of law with which [she] disagree[s]: "There exists clear and convincing evidence that the children in interest cannot be returned to the custody of the children's parents as provided in Iowa Code Section 232.102 at the present time, all within the scope and meaning of Iowa Code Section 232.116(1)(f)." Iowa R. App. P. 6.1401–Form 5. This is not enough to assert a claim we will consider on appeal. *See id.* ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *see also In re A.T.*, No. 21-0720, 2021 WL 3378851, at *1 (Iowa Ct. App. Aug. 4, 2021); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record). And even if the claim was formed

enough for us to consider the merits, the mother was jailed at the time of the termination hearing, so it is indisputable the children could not be returned to her care at that time. *See* Iowa Code § 232.116(1)(f)(4), *In re Z.P.*, 948 N.W.2d 518, 524 (Iowa 2020) (reaffirming the determination to be made is whether child can be returned to parent at the time of the termination hearing, not once the parent makes some additional, future change).

Next, we consider whether the mother should get additional time to work toward reunification. The court can delay permanency and give the mother six more months if it concludes the need for removal will no longer exist at the end of the extension. *See* Iowa Code §§ 232.104(2)(b), .117(5). We cannot make such a finding. As we already stated, the mother was in jail at the time of the termination hearing. And it was not clear when or if she would be released; she was jailed following a probation violation and was facing the possible imposition of her previously suspended five-year prison sentence for third-degree burglary. The mother also tested positive for methamphetamine multiple times during the involvement of the Iowa Department of Human Services with the family—once each in December 2019, October 2020,[2] and January 2021.[3] And, at the May 2021 termination hearing, the mother admitted using methamphetamine as recently as February 2021. The mother referred to her use of methamphetamine in February as a relapse—although it is unclear when she was sober—but admitted she had not re-engaged in any substance-abuse treatment since. Plus,

---

[2] It seems drug testing was suspended from March 2020 until sometime in July 2020 due to the COVID-19 pandemic and its impact on services.

[3] Additionally, the mother refused a hair-stat test at a different October 2020 test and then "no-showed" drug tests in both November and December 2020.

the mother had not seen or been in communication with four-year-old D.C. in more than four months. We find this history confirms the mother could not resume caring for the children if given six more months.

Next, the mother argues the loss of her rights is not in the children's best interests because of the close bond they share with her. In considering what is in these children's best interests, we are "required to the use the best-interest framework established in section 232.116(2)." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). That means we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). And our "primary concerns" are the children's "safety and the need for a permanent home." *J.E.*, 723 N.W.2d at 801 (Cady, J., concurring specially). While the children do share some bond with their mother, she cannot provide them a safe home with consistent, reliable parenting. So termination of the mother's parental rights is in their best interests.

Finally, the mother argues the court should establish a guardianship in the maternal grandmother instead of terminating her parental rights. *See* Iowa Code §§ 232.104(2)(d), .117(5). But to do so, the court must determine "termination of the parent-child relationship[s] would not be in the best interest of the child[ren]." *Id.* § 232.104(4)(a) (requiring the court to make the finding "prior to entering a permanency order pursuant to" section 232.104(2)(d)); *see also In re A.S.*, 906 N.W.2d 467, 477 n.4 (Iowa 2018) ("We conclude that termination of the parent-child relationship *is* in the best interest of the child, so the requirements of subsection 4 are not met. We therefore cannot use these provisions to transfer

guardianship and custody of the child to her maternal grandparents."). And we have already concluded termination of the mother's parental rights is in the children's best interests.

We affirm the termination of the mother's parental rights.[4]

**AFFIRMED.**

---

[4] In her petition on appeal, the mother points to evidence the juvenile court received at a February 2021 permanency hearing that J.W.'s behaviors escalate after visits with the mother. She invites us to interpret this evidence as J.W. objecting to the termination of the mother's parental rights. *See* Iowa Code § 232.116(3)(b). We do not do so.