# IN THE COURT OF APPEALS OF IOWA

No. 21-0687
Filed September 1, 2021

**IN THE INTEREST OF A.B.-L.,**
**Minor Child,**

**B.L., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

　　A father appeals the termination of his parental rights.  **AFFIRMED.**

　　Benjamin J. Bragg of Bragg Law Firm, P.L.L.C., Clive, for appellant father.

　　Thomas J. Miller, Attorney General, and Chandlor Collins, Assistant Attorney General, for appellee State.

　　Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

　　Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

The father of A.B.-L. appeals the termination of his parental rights to the child. On appeal from an order terminating parental rights, our rules of appellate procedure require the petition on appeal to substantially comply with form 5 in rule 6.1401. Iowa R. App. P. 6.201(1)(d). This form requires the appellant to state the legal issues presented for appeal and to "state what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal." Iowa R. App. P. 6.1401-Form 5. The form also notes that "[g]eneral conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable." *Id.*

The father's petition fails to substantially comply with form 5 in rule 6.1401. In his petition, the father identifies two issues: 1) "Whether termination of the appel[l]ant's parental rights [was] in the child's best interest" and 2) "Whether the juvenile court erred when it terminated the parental rights of the father under Iowa Code section 232.116(1)(h)." Beyond presenting these two issue statements, the father makes no argument in support of his request that we reverse the juvenile court's order terminating his parental rights. He cites authority, but he does not note any findings of fact or conclusions of law with which he disagrees, makes no argument how the cited authority applies or why the cited authority warrants reversal, and does not offer any reasons why the juvenile court should be reversed. "To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume." *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974).

We consider the father's claims waived. *See Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996) ("When a party, in an appellate brief, fails to state, argue, or cite to authority in support of an issue, the issue may be deemed waived."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments."); *In re D.S.*, No. 16-1149, 2016 WL 5408175, at *1 n.1 (Iowa Ct. App. Sep. 28, 2016).

Although we have concluded the father waived his claims on appeal, our primary goal is to determine the best interest of the child. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). Consistent with that goal, we have conducted a de novo review of the record and conclude ongoing concerns about the father's substance abuse and domestic abuse and his inconsistent participation in services provide clear and convincing evidence to support termination of the father's parental rights. Accordingly, we affirm.

**AFFIRMED.**