# IN THE COURT OF APPEALS OF IOWA

No. 21-0716
Filed September 22, 2021


**IN THE INTEREST OF T.S.,**
**Minor Child,**

**T.H., Mother,**
　　Appellant.
_____


　　Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


　　A mother appeals the termination of her parental rights to her child. **AFFIRMED.**


　　Daniel M. Northfield, Urbandale, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Nicole Garbis Nolan of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


　　Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2020, pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2021). The mother passively cites to boilerplate legal authorities on the standard of review and termination framework and states her disagreement with a few of the juvenile courts' factual determinations and legal conclusions. She offers no meaningful substantive argument to facilitate appellate review, so we affirm without further opinion, deeming the arguments waived. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); 6.1401– Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

**AFFIRMED.**