**IN THE COURT OF APPEALS OF IOWA**

No. 22-0543
Filed September 21, 2022

**IN THE INTEREST OF T.P. and H.P.,**
**Minor Children,**

**D.P., Father,**
     Appellant,

**N.S., Mother,**
     Appellant.
_____

     Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.


     A mother and father separately appeal the termination of their parental

rights to two children. **AFFIRMED ON BOTH APPEALS.**


     Daniel M. Northfield, Urbandale, for appellant father.

     Alexis R. Dahlhauser of Neighborhood Law Group of Iowa, PC, West Des

Moines, for appellant mother.

     Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

     Jami J. Hagemeier of Youth Law Center, Des Moines, attorney and

guardian ad litem for minor children.


     Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother and father separately appeal the termination of their parental rights to two children, T.P. and H.P. The mother argues she should have been granted a continuance of the termination hearing, while the father contends he should have received an exception because he is incarcerated. Both maintain termination is not in the best interests of the children. Upon our de novo review, we affirm termination of their parental rights to both children.

## I.  *Background Facts and Proceedings.*

T.P. came to the attention of the Iowa Department of Health and Human Services (DHHS) in September 2020 due to allegations of methamphetamine and marijuana use by his mother. There were also allegations that she was prostituting while T.P. was in the hotel room where they were living. After his mother failed to comply with a safety plan, he was removed and adjudicated a child in need of assistance. The mother started and left an in-patient program for substance-abuse treatment in November and again in February 2021.

H.P. tested positive for methamphetamine and amphetamine at her birth in March. She initially lived with her mother in another in-patient facility for substance-abuse treatment. However, she was removed in April over concerns regarding the mother's care. The mother completed in-patient, substance-abuse treatment in June. Unfortunately, she relapsed on methamphetamine in October. The DHHS requested drug screens from the mother in August, October, and November, as well as in January and February of 2022. She failed to complete any of them. During a mental-health evaluation in February, the mother admitted to relapsing in December and January.

The mother has also been inconsistent with her visits and attendance at the children's appointments. She attended less than half of the visits offered to her in January and February. She initially confirmed for a visit the day before the termination hearing in March, but she cancelled when the provider was on the way to pick up the children. The mother then failed to appear or communicate any reason for her absence at trial the following day.

The father was incarcerated when the DHHS became involved in this case in 2020. He was paroled to work release shortly thereafter, but he absconded from Fort Des Moines after approximately sixty days in residence. He has since been arrested for eluding and other charges. By the time of the termination hearing, he had been residing in the Fort Dodge Correctional Facility for seven months. Although his tentative discharge date is January 2028, he expressed hope for parole this year.

After the court terminated their parental rights, both parents filed timely notices of appeal.[1]

---

[1] The State argues both parents' appellate arguments should be deemed waived because they failed to comply with our rules of appellate procedure. *See* Iowa R. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); Iowa R. App. P. 6.1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable."). We, however, choose to address the merits of each parent's barebones assertions. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 239–40 (Iowa 1974) ("We have from time to time noted such unprofessional failure can lead to summary disposition of an appeal. We are not bound to consider a party's position upon such failure . . . In such situations we have generally, as a matter of grace, proceeded with a determination of the appeal on its merits, supplying by our own efforts the legal research which the rules prescribe should be undertaken in the first instance by counsel." (internal citations omitted)). Simultaneously, we urge

## II.    Review.

Our review of termination proceedings is de novo.  *See In re B.H.A*., 938 N.W.2d 227, 232 (Iowa 2020).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).  We give weight to the juvenile court's fact findings, especially those about witness credibility, although they are not binding.  *See* Iowa R. App. P. 6.904(3)(g); *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010).

## III.    Discussion.

Iowa courts use a three-step analysis to review the termination of parental rights.  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).  Those steps include whether: (1) grounds for termination have been established, (2) termination is in the children's best interests, and (3) we should exercise any of the permissive exceptions to termination.  *Id.* at 472–73.  Here, the juvenile court found the State proved by clear and convincing evidence that termination of the mother and father's parental rights was appropriate under Iowa Code section 232.116(1)(h) (2022).  It would appear that neither parent contests the application of section 232.116(1)(h).[2]

---

compliance with the appellate rules of procedure to avoid dismissal of these types of petitions.

[2] Both parents summarily indicate their rights should not have been terminated without advancing any particular argument regarding the statutory ground for termination.  Therefore, we deem any challenge on this point waived.  *See* Iowa R. App. P. 6.903(2)(g)(3) (requiring appellant to present arguments and supportive

Rather, the mother contends that she should have been granted a continuance of the termination hearing and termination is not in the best interests of the children. The court found there was not good cause to continue the hearing because it received no information as to the reason for the mother's absence. *See* Iowa Ct. R. 8.5 ("A motion for continuance shall not be granted except for good cause."). Concurring in this conclusion, we find no abuse of discretion in the juvenile court's decision to deny the mother a continuance. *See In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018) (setting forth standard of review).

In determining best interests, we look to the framework described in Iowa Code section 232.116(2), which requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." The "defining elements" of the best-interests analysis are the children's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

The mother has not demonstrated she can provide a safe and permanent home for the children. While we commend her completion of substance-abuse treatment, she has since relapsed and failed to comply with drug testing. *See In re J.D.*, No. 21-0391, 2021 WL 3379037, at *1 (Iowa Ct. App. Aug. 4, 2021) ("[W]e presume the missed tests would have been positive for illegal substances."). Meanwhile, the children are in a stable and supportive home with their foster parents, who have expressed interest in adopting them. *See* Iowa Code

authority in appeal brief and stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue").

§ 232.116(2)(b); *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (noting a child's favorable integration into a foster placement supports finding termination is in the child's best interests). Given the mother's persistent substance abuse and inconsistency with visits and appointments, the children's need for permanency and stability weighs in favor of termination. *See A.S.*, 906 N.W.2d at 474 ("[I]t is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)). Accordingly, we conclude termination of the mother's parental rights is in the children's best interests.

As for the father, he contends termination was unnecessary due to his incarceration and cites the exception set forth at section 232.116(3)(e), which affords the court discretion not to terminate parental rights if it finds: "The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces." However, the term "institution" in this provision does not include penal institutions. *See In re J.V.*, 464 N.W.2d 887, 890 (Iowa Ct. App. 1990), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 39–40 (Iowa 2010). Therefore, it is inapplicable here.

The father also contests the finding that the children's best interests are supported by termination. However, he has likewise not demonstrated he can provide a safe and stable home for the children. He has been incarcerated for most of T.P.'s life and all of H.P.'s life. He continued to engage in criminal behavior after being released on parole in 2020, which resulted in his current incarceration.

His potential to be a successful parent in the future does not negate the fact that he has been largely absent from the children's lives and will continue to be absent for a significant period of time. "Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable." *In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). We find termination of the father's parental rights is in the children's best interests.

Finding no merit to the arguments tenuously outlined by either parent, we affirm termination of their parental rights to both children.

**AFFIRMED ON BOTH APPEALS.**