**IN THE COURT OF APPEALS OF IOWA**

No. 23-0351
Filed April 26, 2023

**IN THE INTEREST OF M.W.,**
**Minor Child,**

**W.W., Father,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Scott County, Michael Motto, District

Associate Judge.

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

G. Brian Weiler, Davenport, for appellant father.

Brenna Bird, Attorney General, and William E. Sales, III, Assistant Attorney

General, for appellee State.

Patricia A. Rolfstad, Davenport, attorney and guardian ad litem for minor

child.

Considered by Bower, C.J., Greer, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**MULLINS, Senior Judge.**

A father appeals the termination of his parental rights to his child—born in 2021—under Iowa Code section 232.116(1)(h) (2022).[1]  His argument in his petition on appeal is limited to the following passages:

> The trial court erred by terminating the rights of the father when the father was not shown to be a risk to the child or using drugs, and reasonable efforts were not made to reunify the child with the father or to assist the father while he was disabled and homeless . . . .
> . . . .
> The father disagrees with each finding that a subsection of 232.116(1)(h) was proven with the respect to the father, with the finding that the State provided reasonable efforts to reunify with the father, and with the finding that termination of the father's rights is in the child's best interests.

In addition, while the father passively cites two legal authorities—one being the ground for termination—he "makes no argument how the cited authority applies or why the cited authority warrants reversal."  *In re A.B.-L.*, No. 21-0687, 2021 WL 3909816, at *1 (Iowa Ct. App. Sept. 1, 2021).

We find the father's challenge—consisting of only conclusory statements without citations to the record or any meaningful substantive argument—insufficient to facilitate our review and therefore waived.  *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); .1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not*

---

[1] The mother's rights were also terminated.  She did not appeal.

*supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

While we acknowledge the expedited nature of this appeal, *see generally* Iowa R. App. P. 6.201, the father has failed to provide us with anything to meaningfully review without assuming an improper partisan role. As a result, we affirm.

**AFFIRMED.**