**IN THE COURT OF APPEALS OF IOWA**

No. 24-1679
Filed February 19, 2025

**IN THE INTEREST OF N.J. and B.P.,**
**Minor Children,**

**J.W., Father,**
     Appellant,

**A.J., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Richelle Mahaffey, Judge.

A mother and a father separately appeal the juvenile court's order terminating their respective parental rights. **AFFIRMED ON BOTH APPEALS.**

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, for appellant father of N.J.

Christopher A. Clausen of Clausen Law Office, Ames, for appellant mother.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney General, for appellee State.

Denise M. Gonyea of McKelvie Law Office, Grinnell, attorney and guardian ad litem for minor children.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

The juvenile court terminated the parental rights of the mother of N.J. (born in 2019) and B.P. (born in 2023). The court also terminated the parental rights of the fathers of the two children. The mother and the father of N.J. separately appeal.[1]

## I.  Standard and Process of Review

Our review is de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review of a termination-of-parental-rights proceeding is a three-step analysis of determining (1) whether a statutory ground for termination has been established under Iowa Code section 232.116(1) (2024), (2) whether termination of parental rights is in the best interests of the children, and (3) whether a permissive exception in section 232.116(3) should be applied to forgo termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). We do not address any steps not challenged by a parent. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "After addressing any challenged steps, we then consider any additional challenges raised by a parent." *In re J.S.*, No. 24-1114, 2024 WL 4039439, at *1 (Iowa Ct. App. Sept. 4, 2024).

## II.  The Father's Appeal

The father challenges the juvenile court's finding that termination is in his child's best interest. He also asserts that he should be given additional time to work toward reunification. We address each issue in turn.

Our best-interest analysis focuses on the considerations in section 232.116(2). *P.L.*, 778 N.W.2d at 37. The record establishes that the father

---

[1] Because the father of B.P. does not appeal, all references to the father in this opinion refer to the father of N.J.

struggles with alcohol, anger-control issues, a propensity for domestic violence, and repeated incarceration. He was incarcerated at the time of the termination trial. The father minimally participated in services offered to him, which left his issues unresolved. As a result, the original concerns that resulted in the child being removed from his custody approximately seventeen months before the termination trial remain. Further, the child is well cared for in the home of his maternal grandmother, who wishes to adopt the child. *See* Iowa Code § 232.116(2)(b) (permitting the court to consider as part of the best-interests analysis a child's integration into a foster family's home and the foster family's willingness to permanently integrate the child into the home); *see also id.* § 232.2(23) (defining foster care to include provision of care to a child by a relative). Following our de novo review, we agree with the juvenile court that termination of the father's rights is in his child's best interests.

As to his request for more time, we acknowledge that granting additional time is a permissible outcome. *See id.* § 232.117(5) (permitting the court to enter a permanency order under section 232.104 if it decides not to terminate a parent's rights); *see also id.* § 232.104(2)(b) (providing a permanency option of giving a parent an additional six months to work toward reunification). To allow such outcome, however, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b). Nothing in this record convinces us that the father will be any more able to have the child placed in his custody in six months than he is now. He was already given one extension

of time to work towards reunification and, as noted, minimally participated in services such that the problems that resulted in removal still exist. We reject the father's request for additional time.

For the reasons stated, we affirm the juvenile court's order terminating the father's parental rights to his child.

## III.    The Mother's Appeal

The mother's petition on appeal makes passing reference to various legal principles related to termination-of-parental-rights proceedings, but she does not substantively identify, present, or develop any issues that we can discern. As a result, to the extent the mother attempts to raise any issues, we deem them waived, as we are not permitted to take on an advocacy role for her. *See In re B.D.*, No. 23-0105, 2023 WL 2671958, at *1 (Iowa Ct. App. Mar. 29, 2023) (noting that sprinkling references to issues without identifying, presenting, or developing them constitutes waiver of the issues); *see also Inghram v. Dairyland Mut. Ins.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Despite the mother's waiver of any issues she is attempting to raise, we have conducted a de novo review of the record. Based on that review, we find the State established statutory grounds for termination of the mother's rights by clear and convincing evidence pursuant to section 232.116(1)(f) as to the older child and 232.116(1)(h) as to the younger child. The State also established by clear and convincing evidence that terminating the mother's rights to the children is in their best interests. We also find the mother failed to meet her burden of proving

by clear and convincing evidence that termination would be detrimental to the children due the closeness of the parent-child relationships. *See* Iowa Code § 232.116(3)(c) (providing an exception to termination when there is clear and convincing evidence it would be detrimental to the children); *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (recognizing it is a parent's burden to prove a permissive exception to termination under section 232.116(3)). Accordingly, we agree with the juvenile court's decision not to apply a permissive exception to termination under section 232.116(3)(c). *See A.S.*, 906 N.W.2d at 475 (noting that the exceptions to termination in section 232.116(3) are permissive, not mandatory).

For these reasons, we affirm the juvenile court's decision to terminate the mother's parental rights to both children.

**AFFIRMED ON BOTH APPEALS.**