**IN THE COURT OF APPEALS OF IOWA**

No. 25-0520
Filed June 18, 2025

**IN THE INTEREST OF C.S.,**
**Minor Child,**

**A.M., Mother,**
        **Appellant.**
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Grishma Arumugam of GPA Legal LLC, Davenport, for appellant mother.

Brenna Bird, Attorney General, and Dion D. Trowers, Assistant Attorney General, for appellee State.

Brian Patrick Donnelly, Clinton, attorney and guardian ad litem for minor child.

Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

In terminating the mother's parental rights to her child, born in 2023, the juvenile court concluded: "Bottom line, this mother has failed to stop her drug use."[1] That drug use spanned decades and involved multiple substances—including methamphetamine, cocaine, and marijuana—and it ultimately led to the termination of the mother's parental rights to her four oldest children. In this appeal for her fifth and youngest child, the mother purports to challenge each of the three steps in our termination analysis. *See* Iowa Code § 232.116(1)–(3) (2025); *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). She also requests "additional time for rehabilitation." We affirm upon our de novo review of the record. *L.B.*, 970 N.W.2d at 313.

The first step of our analysis considers whether there are statutory grounds for termination. *Id.* The juvenile court found the State proved three: Iowa Code section 232.116(1)(d), (g), and (h). The mother does not identify which of these grounds she is contesting. Instead, she contends: "One of the statutory grounds for termination includes a parent's inability to provide for the child's needs due to mental health issues or other conditions, with evidence that the child cannot be returned to the parent's custody within a reasonable time." And she argues "that additional time for rehabilitation could allow her to meet the child's needs." Generously construed, this argument might encompass a challenge to paragraph "g," which requires proof "that an additional period of rehabilitation would not correct the situation." Iowa Code § 232.116(1)(g)(4). Or it could be a

---

[1] The court's termination ruling placed the child in the father's sole legal custody.

challenge to paragraph "h," which requires proof "that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time," *id.* § 232.116(1)(h)(4), although our supreme court has interpreted "at the present time" to mean at the time of the termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). But it cannot be stretched—without undertaking the mother's advocacy ourselves—to include paragraph "d."[2] *See Ingraham v. Dairyland Mut. Ins.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."). So we affirm on that unchallenged ground.[3] *See In re R.S.*, No. 22-0196, 2022 WL 4362192, at *1 (Iowa Ct. App. Sept. 21, 2022) (holding that a parent's failure to challenge one of the grounds for termination allows us to affirm on that ground without analyzing the others).

Under step two, which asks whether termination is in the best interest of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

---

[2] Paragraph "d" requires proof that after "the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services." Iowa Code § 232.116(1)(d)(2).

[3] In any event, we find upon our de novo review of the record that the State proved by clear and convincing evidence that termination was appropriate under each ground cited by the juvenile court because of the mother's continued substance use and failure to complete treatment. *See L.B.*, 970 N.W.2d at 313 ("The burden is on the State to show by clear and convincing evidence that the requirements for termination have been satisfied.").

The mother argues the "love and care" that she showed for the child "during supervised visits, as well as [the child's] attachment to her, suggest that maintaining their relationship could serve his emotional needs." Unfortunately, love is not enough. *See In re T.A.H.*, No. 01-258, 2002 WL 181051, at *2 (Iowa Ct. App. Feb. 6, 2002). The defining elements in the best-interest analysis are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011). Although the mother had a stable residence, she could not ensure the child's safety because of her untreated and ongoing substance use. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."). During his short time in the mother's custody, the child was the subject of several child protective assessments, including one for failure to thrive and another that was opened after the mother assaulted the father while he was holding the child. The child also tested positive for methamphetamine and THC. We agree with the juvenile court that termination is in the child's best interests.

The third step of the analysis considers whether any permissive exceptions to termination should be applied. *L.B.*, 970 N.W.2d at 313. The mother relies on the parent-child bond exception in section 232.116(3)(c). But the juvenile court never ruled on this exception. So error was not preserved for our review. *See In re A.M.*, No. 25-0138, 2025 WL 1177810, at *4 (Iowa Ct. App. Apr. 23, 2025) (finding error not preserved on permissive exception argument because juvenile court did not rule on it). Even so, while the mother may have shared a bond with the child, she did not meet her burden to prove that termination would be detrimental to him. *See* Iowa Code § 232.116(3)(c).

Finally, the mother urges us to consider "whether granting additional time, rather than terminating parental rights, would better serve the child's long-term interests." Granting a parent more time is appropriate only if the record shows "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b); *see also id.* § 232.117(5). We agree with the juvenile court's reasons for denying the mother's request: "[T]his mother has failed to complete any programs so many times before, has continued to use drugs, did not enter any programming until after this petition was filed, and left that attempt at in-patient treatment last month after only [a week]." *See In re B.S.*, No. 12-1609, 2012 WL 5534169, at *3 (Iowa Ct. App. Nov. 15, 2012) ("The parents' eleventh hour attempts to prevent termination by engaging in services do not overcome their years of addiction and instability.").

We affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**