# IN THE COURT OF APPEALS OF IOWA

No. 20-0641
Filed October 6, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**WILLIAM BRAXTON MCCARROLL,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Washington County, Shawn Showers, Judge.


　　　　A defendant appeals his judgment and sentence following his written guilty plea to felony eluding and operating while intoxicated, first offense. **APPEAL DISMISSED.**


　　　　Christopher A. Clausen, Ames, for appellant.

　　　　Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


　　　　Considered by Tabor, P.J., and Greer and Badding, JJ.

**BADDING, Judge.**

In April 2020, William McCarroll entered a written guilty plea to felony eluding and operating while intoxicated (OWI), first offense.  *See* Iowa Code §§ 321.279(3)(a)(2), 321J.2(2)(a) (2020).  Attached to the written guilty plea was a "Memorandum of Plea Agreement," which contained the parties' joint sentencing recommendation.  The district court accepted McCarroll's guilty plea and, consistent with the plea agreement, sentenced him to an indeterminate five-year term of incarceration on the felony eluding, with credit for time served on the OWI.

McCarroll appeals, claiming (1) the written plea did not "comply with the requirements imposed for written pleas of guilty in felony cases,"[1] and (2) the district court abused its discretion in imposing a sentence of incarceration.  Because recent amendments to Iowa Code chapter 814 prevent us from reaching the merits of his claims, we must dismiss the appeal.

On his first claim, McCarroll acknowledges he failed to preserve error because he never filed a motion in arrest of judgment challenging his guilty plea.  *See* Iowa R. Crim. P. 2.24(3)(a).  But he contends we should bypass error preservation and consider the claim as ineffective assistance of counsel.  In support of his right to a direct appeal, McCarroll points to this exception: "[I]f the

---

[1] In the midst of the global COVID-19 pandemic, the Iowa Supreme Court issued a supervisory order authorizing district courts to "accept written guilty pleas in felony cases in the same manner as in serious and aggravated misdemeanor cases." Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 26 (May 22, 2020) (citing Iowa R. Crim. P. 2.8(2)(b) (last paragraph)).  Paragraph 30 of the order also permitted district courts to pronounce judgment and sentence by written order without the presence of the parties provided certain conditions were met, including a written statement from the prosecutor waiving presence and verifying there are no victims who wished to be heard in person.

guilty plea resulted from ineffective assistance of counsel, the defendant can challenge the plea under the rubric of ineffective assistance of counsel." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

That exception does not apply here. As of July 1, 2019, Iowa Code section 814.7 prohibits us from deciding ineffective-assistance claims on direct appeal. Since McCarroll received his judgment and sentence after the legislation's effective date, the amendment controls. *See State v. Damme*, 944 N.W.2d 98, 109 (Iowa 2020). Thus, even if we reframe the guilty-plea claim as ineffective assistance of counsel, we lack authority to reach the merits. *See State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) (clarifying that the exception allowing a defendant to challenge his guilty plea on ineffective-assistance grounds "no longer provides an avenue for relief on direct appeal" when section 814.7 applies).

McCarroll's right to appeal his guilty plea is further limited by Iowa Code section 814.6(1)(a)(3), which permits an appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class "A" felony or the defendant establishes good cause. *State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021). Good cause exists "when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105. Thus, to the extent that McCarroll is only challenging his guilty plea, we have no jurisdiction to hear his claims. *Id.*

While McCarroll's last claim is related to his sentence, he has not advanced any argument related to good cause even though he bears the burden to establish it. *Id.* at 104; *see also State v. Davis*, No. 20-0156, 2021 WL 3395104, at *1 (Iowa Ct. App. Aug. 4, 2021) (dismissing appeal based on defendant's failure to address

good cause). It is not our role to do so for him. *See, e.g., Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). Even if he had, *Damme* states that in order for good cause to exist, the alleged error must stem from a sentence that was neither mandatory *nor agreed to in the plea bargain*. 944 N.W.2d at 105 (emphasis added). Here, McCarroll agrees the "sentence imposed was the sentence agreed upon by the parties."

We accordingly lack authority to decide McCarroll's claims under Iowa Code sections 814.6 and 814.7 and dismiss his appeal.

**APPEAL DISMISSED.**