# IN THE COURT OF APPEALS OF IOWA

No. 22-0865
Filed August 17, 2022

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**T.J., Mother,**
   **Appellant.**
_____

Appeal from the Iowa District Court for Hardin County, Paul G. Crawford, District Associate Judge.


A mother appeals a dispositional review order, contending the court should have returned the child to her custody. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Jennie L. Wilson-Moore, Conrad, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals from a juvenile court dispositional review order, contending the court should have returned her son to her custody. As the purposes of the dispositional order have not been met and the child could not safely be returned to the mother's custody, we affirm the juvenile court.

## I.     Background Facts & Proceedings

This family came to the attention of the Iowa Department of Human Services (DHS) following the mother's arrest for possession of methamphetamine and prescription drugs in March 2021. The child was almost fifteen years old. That same month, both the mother and the child tested positive for methamphetamine. The mother also tested positive for amphetamines and oxycodone. The mother agreed to allow the child to live with the father pending drug test results. The mother continued to test positive for drugs, particularly methamphetamine, throughout the summer.

The child was formally adjudicated as a child in need of assistance (CINA) in August 2021, pursuant to Iowa Code section 232.2(6)(c)(2) (2021). Custody of the child was placed with the father under the supervision of DHS. Since then, the mother has struggled with transportation issues, making access to appointments and visits difficult. She initially had one supervised visit with the child a month. The visits were increased in November to allow two supervised, in-person visits and two supervised virtual visits a month. Due in part to issues with transportation, the mother has only exercised four in-person visits since November. Such visits have not been positive—most visits show a lack of communication and animosity

between the mother and child.  The mother slept through the entirety of one of the visits.

The mother expressed that she is attending mental-health therapy.  While denying her own drug use, she indicated a willingness to participate in out-patient substance-abuse treatment.  She claims to have consistently tested negative for drugs, despite testing positive for drugs until at least October 2021.  But none of the mother's claims of treatment or sobriety could be verified because the mother failed to sign the required releases to permit her therapist or her probation officer to disclose the information.

The juvenile court held a dispositional review hearing on March 14, 2022, at which the mother, father, and a DHS caseworker testified.  In the dispositional review order, the court continued the CINA adjudication and the child's custody with the father because of the mother's failure to sign the necessary releases pertaining to her mental-health and substance-abuse issues.  The court highlighted that such releases would provide the court and DHS the information necessary to determine when family therapy would be appropriate—an important step before reunification could be achieved.[1]  The court stressed the need for positive interactions during visits.  The mother moved to enlarge, amend, or modify, pursuant to Iowa Rule of Civil Procedure 1.904(2), which the court denied.  The mother appeals.[2]

---

[1]The juvenile court's dispositional review order noted the goal remained reunification with the mother.

[2]The State filed a motion to dismiss the mother's appeal based on the lack of authority cited by the mother.  *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). The supreme court ordered that the motion to dismiss be submitted with the appeal.

## II.      Standard of Review

We review CINA proceedings de novo.  *In re K.N.*, 625 N.W.2d 731, 733 (Iowa 2001).  Our primary concern is the best interests of the child.  Iowa R. App. P. 6.904(3)(o).

## III.      Discussion

The mother contends the juvenile court should have returned the child to her care because she has "done all that has been asked" of her.  In particular, she points to her willingness to provide drug tests, which she contends have been negative for drugs.  She also claims to have adequate shelter and food for her child.  The mother alleges that the father is turning the child against her, while also arguing that the child is old enough to self-protect against her deficiencies.[3]

Iowa Code section 232.103(4) governs modification of dispositional orders. *See In re K.P.*, No. 22-0382, 2022 WL 1236764, at *1 (Iowa Ct. App. Apr. 27,

---

The mother's petition on appeal lacks factual detail and any citations to controlling law.  We acknowledge counsel filed the petition on appeal without the benefit of a transcript.  And appellate counsel did not represent the mother at the dispositional review hearing.  Neither relieves counsel of the obligation to comply with the appellate rules of procedure.  We, however, choose to address the merits of the mother's appeal.  See *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 239-40 (Iowa 1974) ("We have from time to time noted such unprofessional failure can lead to summary disposition of an appeal.  We are not bound to consider a party's position upon such failure either in a criminal case . . . or a civil case . . .  In such situations we have generally, as a matter of grace, proceeded with a determination of the appeal on its merits, supplying our own efforts the legal research which the rules prescribe should be undertaken in the first instance by counsel." (internal citations omitted)).  Simultaneously, we urge compliance with the appellate rules of procedure to avoid dismissal of these types of petitions.

[3] A written motion to modify was not filed by the mother; she disagreed with the recommendations of the case plan at the time of the review hearing.  The mother's written motion for additional services was held at the same time as the dispositional review, but the mother does raise the issues contained in that motion in this appeal.

2022).    That section allows a court to modify, substitute, or terminate a dispositional order if one of the following circumstances exists:

> a. The purposes of the order have been accomplished and the child is no longer in need of supervision, care, or treatment.
> b. The purposes of the order cannot reasonably be accomplished.
> c. The efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available.
> d. The purposes of the order have been sufficiently accomplished and the continuation of supervision, care, or treatment is unjustified or unwarranted.

Iowa Code § 232.103(4).

When a parent seeks the return of a child removed as a result of a CINA adjudication, the parent has the burden of proving by a preponderance of evidence that the child will not suffer harm if returned to the home.  *In re A.Y.H.*, 483 N.W.2d 820, 823 (Iowa 1992).  We determine the mother has failed to meet this burden.

The mother does not cite to a statutory ground contained in section 232.103(4) that she believes warrants the return of the child to her custody. Given the context of her claim, we focus on subsections (a) and (d), as the mother does not allege that the purposes of the order cannot be achieved or that there is a lack of alternative means available to achieve those purposes.  *See* Iowa Code § 232.103(4).

Upon our de novo review, we determine the purposes of the dispositional order have not been accomplished and continued supervision is warranted.  The CINA proceedings began because of the mother's drug use around the child. While the mother claims to have abstained from drugs, she has denied the existence of a substance-abuse problem despite multiple positive drug tests early

in the case.  Her most recent drug test with DHS was in October.  She has not signed the necessary releases so DHS can obtain the results of drug tests she completed for her probation officer.  Similarly, the mother's claims about her progress in mental-health therapy cannot be verified because of the lack of signed releases.  Based on the record before the court, it is unknown what progress, if any, the mother has made concerning substance abuse and mental health.  And the evidence does not support a finding that the child could safely be returned to the mother's custody.  We affirm the juvenile court.

**AFFIRMED.**