**IN THE COURT OF APPEALS OF IOWA**

No. 22-1363
Filed October 19, 2022

**IN THE INTEREST OF T.W.,**
**Minor Child,**

**M.L., Mother,**
      Appellant**.**
_____

Appeal from the Iowa District Court for Johnson County, Joan M. Black,
District Associate Judge.

A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**

Sue Kirk of Arnott & Kirk, PLLC, Iowa City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney
General, for appellee State.

Robin L. Himes, Cedar Rapids, attorney and guardian ad litem for minor
child.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2016, under Iowa Code section 232.116(1)(f) and (g) (2022).  Her entire argument is as follows: "Termination was not appropriate because the department did not make reasonable efforts to reunify the family.  The prior termination in 2015, had no connection to the present matter and should not have been a consideration for the juvenile court."[1]

We first address an issue submitted with the appeal as a result of the mother's untimely filing of the petition on appeal.  As a result of that deficiency, the supreme court entered an order directing the mother to "file a statement . . . explaining why the appeal should not be dismissed."  The mother's counsel responded, "[t]he delay was purely attorney error," as she "miscalculated the deadline by misreading the Iowa Rules of Appellate Procedure."  The supreme court ordered the issue of whether the mother should be granted a delayed appeal to be submitted with the appeal and transferred the case to this court.

The termination order was entered on August 3, 2022.  The mother filed a timely notice of appeal on August 18.[2]  Her petition on appeal was thus due on September 2, a Friday,[3] but was not filed until the following Monday, September 5.

---

[1] Later, she passively challenges the sufficiency of the evidence supporting an element of termination under section 232.116(1)(g), but she never expressly challenges the sufficiency of the evidence supporting any elements under section 232.116(1)(f).

[2] *See* Iowa R. App. P. 6.101(1)(a) ("A notice of appeal from a final order or judgment entered in Iowa Code chapter 232 termination-of-parental-rights . . . proceedings must be filed within 15 days after the filing of the order or judgment.").

[3] *See* Iowa Rs. App. P. 6.201(1)(b) ("A petition on appeal must be filed with the clerk of the supreme court within 15 days after the filing of the notice of appeal . . . . The time for filing a petition on appeal shall not be extended.");

Although the mother missed her deadline, the supreme court has developed an avenue for a delayed appeal, which is "proper 'only where the parent clearly intended to appeal,' the 'failure to timely perfect the appeal was outside of the parent's control,' and the delay was 'no more than negligible.'" *In re W.T.*, 967 N.W.2d 315, 318 (Iowa 2021) (quoting *In re A.B.*, 957 N.W.2d 280, 292 (Iowa 2021)); *accord In re T.F.*, 972 N.W.2d 1, 8 (Iowa 2022). We find the intent is present and the failure was outside the mother's control. And while "three days may be pushing the limit of what can be considered negligible," "we opt to . . . grant the delayed appeal." *In re B.W.*, No. 21-1810, 2022 WL 468945, at *3 (Iowa Ct. App. Feb. 16, 2022).

But our choice to do so does not save the mother from other appellate rules and standards for petitions on appeal in child-welfare cases. Other than providing conclusory statements without citations to the record, she offers no meaningful substantive argument to facilitate appellate review, so we affirm without further opinion, finding the arguments waived. *See* Iowa Rs. App. P. 6.201(1)(d) ("The petition on appeal shall substantially comply with form 5 in rule 6.1401."); .1401–Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal. . . . *General conclusions, such as 'the trial court's ruling is not supported by law or the facts' are not acceptable.*"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)

.201(3) ("If the petition on appeal is not filed with the clerk of the supreme court within 15 days after the filing of a notice of appeal . . . , the supreme court shall dismiss the appeal, and the clerk shall immediately issue procedendo."); *see also* Iowa Code § 4.1(34) (providing rules on time computation).

("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy.  This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

Nor does the mother identify what services should have been offered to constitute reasonable efforts.  *See In re M.W.*, No. 22-0963, 2022 WL 4361792, at *4 (Iowa Ct. App. Sept. 21, 2022) ("The mother's failure to . . . identify the alleged deficiency in services provided by [the department] prior to the termination hearing waives the issue.").  And the mother's parenting deficiencies in the past termination proceedings were unquestionably a proper consideration for the juvenile court. *See In re W.M.*, 957 N.W.2d 305, 315 (Iowa 2021) (noting importance "of the parent's past performance" as "indicative of the parent's future capabilities" (citation omitted)).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**