# IN THE COURT OF APPEALS OF IOWA

No. 23-0105
Filed March 29, 2023

IN THE INTEREST OF B.D.,
Minor Child,

A.D., Mother,
Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.


A mother appeals the order terminating her parental rights **AFFIRMED.**


Daniel J. McGinn of McGinn, Springer & Noethe, Council Bluffs, for

appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

Roberta J. Megel of the Public Defender's Office, Council Bluffs, attorney

and guardian ad litem for minor child.


Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of both parents of B.D. (born in 2011). Only the mother appeals. Our review is de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). We give weight to the juvenile court's fact findings, but we are not bound by them. *Id.*

Although the mother mixes in references to numerous other issues, she presents only one issue in the manner required by our rules of appellate procedure. *See* Iowa Rs. App. P. 6.201(1)(d) (requiring a petition on appeal to substantially comply with form 5 in rule 6.1401); .1401–Form 5 (requiring issues to be identified and presented separately). She contends the State failed to make reasonable efforts toward reunification.

While not a strict substantive requirement for termination, "[t]he State must show reasonable efforts [toward reunification] as part of its ultimate proof that the child cannot be safely returned to the [custody] of a parent." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019) (first alteration in original). The mother contends such efforts were not made. The problem with the mother's contention—besides not identifying any efforts that should have been made that weren't—is that raising reasonable-efforts challenges to us on appeal, or even to the juvenile court at the termination hearing, is too late. *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021). "If a parent has a complaint regarding services, the parent must make such challenge at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). Further, the complaint must be made to the juvenile court, as voicing a complaint to services providers is insufficient. *Id.* "[I]f a parent

fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *Id.* The mother points to no place in the record where she challenged the reasonableness of the efforts at removal, when the case permanency plan was entered, or at later review hearings. And we find no such challenges following our independent review of the record. In fact, the record shows that the juvenile court made repeated findings throughout the underlying child-in-need-of-assistance (CINA) case that reasonable efforts toward reunification were made, and the mother made no challenge to those findings. We find the mother has waived her reasonable-efforts challenge.

As previously noted, the mother did not properly identify, present, and develop any other issues, but she did sprinkle references to other issues throughout her petition on appeal. By failing to properly identify, present, and develop those issues, the mother has waived them. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all-encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Due to her waiver of them, we have no obligation to review the other issues the mother mentions. Nevertheless, we note that we have conducted a de novo review of the record and reach the following conclusions. The State established a

statutory ground for termination. Although the juvenile court terminated on multiple grounds, we focus on the ground found in Iowa Code section 232.116(1)(f) (2022). *See In re A.B.,* 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."). Termination under section 232.116(1)(f) requires proof that (1) the child is four years old or older; (2) the child has been adjudicated a CINA; (3) the child has been removed from the parent's custody for at least twelve of the previous eighteen months; and (4) the child cannot be returned to the parent's custody at the time of the termination hearing.

The mother admitted the first three elements in her testimony. As to the fourth element, the evidence is overwhelming that the child cannot be returned to the mother's custody. The underlying CINA case started due to the mother's use of methamphetamine while caring for the child. Over the ensuing eighteen months leading up to the termination hearing, the mother missed five of twenty-three requested drugs tests. *See In re R.A.,* No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances). Of the eighteen times she submitted to testing, she tested positive for methamphetamine sixteen times. She quit or was kicked out of treatment twice, and she admitted last using methamphetamine the month before the termination hearing. She also showed a remarkable lack of awareness of the harm her methamphetamine addiction posed to the child, repeatedly testifying that her use posed no danger to the child. *See In re K.S.,* No. 21-1755, 2022 WL 951034, at *1–2 (Iowa Ct. App. Mar. 30, 2022) (finding a

parent's ongoing use of methamphetamine and lack of awareness of how such use affects the child supports termination under section 232.116(1)(f) because the child cannot be returned to the parent).  Statutory grounds for termination were met.

We also conclude that termination is in the child's best interests.  The mother's consistent use of methamphetamine and lack of awareness of how her use negatively affects the child supports finding that termination is in the child's best interests.  *See id.* (finding termination in the child's best interests when the mother is unaware of how her methamphetamine use affects the child). Additionally, the child is thriving in his placement with fictive kin.  The host family wants to adopt the child, and the child is in favor of the adoption.  *See* Iowa Code § 232.116(2) (providing that the willingness of a foster family to adopt and the child's integration into the foster family as considerations in assessing whether termination is in the child's best interests).  Termination is in the child's best interests.

We have also considered whether the mother should be given additional time to work toward reunification.  *See* Iowa Code § 232.117(5) (permitting the juvenile court to consider alternative permanency options under section 232.104 if the court chooses to not terminate parental rights); *see also id.* § 232.104(2)(b) (providing a permanency option of granting a parent an additional six months to work toward reunification).  In order to grant an extension, we must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

*Id.* § 232.104(2)(b). We conclude no such extension should be granted. After eighteen months of services while the child was placed elsewhere, the mother is no closer to being in a position to resume custody of the child than she was when the child was first removed. Therefore, we are unable to discern any expected changes that would enable us to determine that the child could be returned to the mother's care six months in the future.

In conclusion, the mother waived her reasonable-efforts challenge, and we find ample evidence supporting the decision to terminate her parental rights. Accordingly, we affirm.

**AFFIRMED.**