**IN THE COURT OF APPEALS OF IOWA**
No. 23-1752
Filed January 10, 2024

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**J.C., Father,**
        **Appellant.**

_____

        Appeal from the Iowa District Court for Harrison County, Justin R. Wyatt,

District Associate Judge.


        A father appeals the termination of his parental rights.  **AFFIRMED.**


        William T. Early, Harlan, for appellant father.

        Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

        Abby L. Davison of Public Defender Office, Council Bluffs, attorney and

guardian ad litem for minor child.


        Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

A father appeals the termination of his parental rights to his child—born in 2022—under Iowa Code section 232.116(1)(e) and (h) (2023).[1]  He raises a mishmash of claims in his petition on appeal, most of which we find to be insufficient to allow appellate review.

For starters, at the end of the "material facts" section of the petition on appeal, the father mentions "that a continuance of the hearing for termination of parental rights should have been granted," "[r]easonable efforts have not been made," and "it is not in the best interest of his son to terminate parental rights, as [the father] and his son are bonded."

From there, the father does not expand upon his reference to reasonable efforts.  While the father alludes to the child's best interests and their "strong bond" under "Issue II" in the petition on appeal, he does not offer any substantive arguments or legal analysis under Iowa Code section 232.116(2) or (3) about those issues.  In fact, the heading of the argument section for that issue is: "Did the trial court err in finding that there was clear and convincing evidence that the father's parental rights as to the child should be terminated pursuant to section 232.116(1)(e), and (h) . . . ?"  Despite that label, the father makes no challenge to either of the grounds for termination in the body of his argument.  Because the father did not supplement his passing references to reasonable efforts, sufficiency

---

[1] The mother's parental rights were also terminated.  She does not appeal.

of the evidence, best interests, or the bond exception with any substantive arguments, we do not consider these issues.[2]

This leaves us with the focal point of the father's appeal: "that a continuance of the hearing for termination of parental rights should have been granted." Under "Issue I" of his petition, the father questions: "Did the trial court abuse its discretion in denying a continuance of the termination hearing?" But he does not explain how the court abused its discretion. Despite that deficiency, we—like the juvenile court—interpret his claim to be a request for additional time to work toward reunification. Jumping back to "Issue II" in the petition on appeal, the father contends "that no harm at all would come to his son from granting an additional 3 months to him to establish himself and demonstrate to the [Iowa Department of Health and Human Services] and juvenile court that he is capable of parenting his son."

---

[2] *See State v. Louwrens*, 792 N.W.2d 649, 650 n.1 (Iowa 2010) ("[P]assing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Soo Line R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[R]andom mention of this issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume."); *cf.* Iowa R. App. P. 6.903(2)(g)(3) (requiring arguments in briefs to contain reasoning, citations to authorities, and references to pertinent parts of the record).

Unlike other cases when we have given parents with skimpy arguments the benefit of the doubt, here the father was not strapped for space with his eleven-page petition on appeal and gave us no sign that he had meaningful arguments to make on the issues he passively mentioned. *See* Iowa R. App. P. 6.201(1)(c) (setting a limit of twenty pages for petitions on appeal).

Yet, at the termination hearing, the father's counsel only asked for one more month, asserting: "We believe that if we could get him into a proper treatment facility, he might be able to make some progress that would obviate this entire proceeding." On appeal, the father does not present any "specific factors, conditions, or expected behavioral changes which [would] comprise the basis for the determination that the need for removal . . . will no longer exist at the end of" an extension of time. *See* Iowa Code § 232.104(2)(b). "It is not our role to advocate what potential circumstances would warrant an extension on the father's behalf, and we decline to do so." *In re A.H.*, No. 20-1660, 2021 WL 1399743, at *4 (Iowa Ct. App. Apr. 14, 2021). Even if we could, the record does show that any more time—whether it be one, three, or six months—would alleviate the need for removal.

Simply put, the father was in a state of regress, not progress. Though his urinalysis screenings were negative for drugs from January through April 2023, he stopped all drug testing after the department asked him to start wearing sweat patches. With the department's help, when he reported a "slip up in his sobriety" in June, he entered inpatient treatment in mid-July. But he left against medical advice after only a few days. So by the termination hearing in August, the father had not participated in a drug screen since April or had a visit with the child since June. He was no closer to reunification with the child after ten months of services than he was when the child was removed.

We affirm the termination of the father's parental rights.

**AFFIRMED.**