# IN THE COURT OF APPEALS OF IOWA

No. 24-0186
Filed April 10, 2024

**IN THE INTEREST OF E.W., E.W., and C.M.,**
**Minor Children,**

**A.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

Judge.


A mother appeals the termination of her parental rights. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

General, for appellee State.

Mary Cowdrey of Public Defender's Office, Marshalltown, attorney and

guardian ad litem for minor children.


Considered by Bower, C.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**VOGEL, Senior Judge.**

A mother appeals the termination of her parental rights to her three children—born in 2013, 2017, and 2020—pursuant to Iowa Code section 232.116(1)(f) and (h) (2023).[1] Citing her ability to "succeed in a prior case," we conclude her sole argument preserved for appeal is that she should have been granted additional time for reunification, claiming "[i]t would be best to have allowed the full time for [her] to prove herself and hopefully not relapse."[2] We review this claim de novo. *See In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our primary concern in conducting this review is the children's best interests. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022).

While a deferral of permanency is authorized when the juvenile court can conclude the need for removal will no longer exist at the end of the extension, the mother has failed to present any "specific factors, conditions, or expected behavioral changes which [would] comprise the basis for the determination that the need for removal . . . will no longer exist at the end of" the requested extension. *See* Iowa Code § 232.104(2)(b). It is not our role to advocate what circumstances would warrant an extension on the mother's behalf, and we decline to do so. *See In re A.A.G*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005); *see also*

---

[1] The parental rights of the children's fathers were also terminated. Neither father appeals.

[2] While the mother references the statutory grounds for termination and the statute on best interests, Iowa Code section 232.116(2), she does not develop an argument concerning either issue. Random mention of an issue does not prompt appellate review. *See Soo Line R. Co. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 697 (Iowa 1994).

*Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). We therefore deem her request for an extension waived.

But even if we were to reach the issue, we would conclude additional time is not warranted because the mother's past performance as shown by the following pertinent facts does not convince us that additional time or services will change her. *See In re L.L.*, 459 N.W.2d 489, 495 (Iowa 1990). The children first came to the attention of the Iowa Department of Health and Human Services in July 2021 due to the mother's use of methamphetamine. All three children tested positive for the substance. They were removed on July 21 and later adjudicated as children in need of assistance (CINA). The mother eventually turned things around, the children were returned to her custody in July 2022, and the cases were closed in October.

Less than a week later, concerns arose about the condition of the family home, domestic violence, and substance use, which prompted the initiation of family-preservation services. New CINA cases were then opened in November after the mother and children tested positive for methamphetamine. On November 16, the children were again removed and soon thereafter adjudicated CINA. From there, the mother's participation in drug testing was spotty, as were her test results. In December, the mother tested negative on one occasion but then was a "no-show" for the remainder of her tests that month. She tested negative on four occasions but failed to appear twice in January and February 2023. She then tested positive for methamphetamine and amphetamines in late March. She failed to appear for her next two drug tests in April, which were then followed by an invalid test result later that month.

Meanwhile the mother was not participating in substance-use treatment. She did undergo a substance-use evaluation in late April and received a recommendation for inpatient treatment, but the mother did not follow that recommendation. She then did not attend any of her appointments with her substance-use therapist over the next several months. The mother also failed to appear for her drug tests in May. She provided two urinalysis tests in June and one in July that were negative for drugs, however her June hair-stat test was positive for methamphetamine.

By July, the department recommended the commencement of termination proceedings given the mother's lack of progress. The court agreed in its ensuing permanency-review order, and the State filed its petitions later that month. The mother did not appear for her next drug test in July, tested negative for drugs later that month, then tested positive for methamphetamine and amphetamines in early August. The remainder of the mother's drug tests before the September termination hearing included a negative test and two failures to appear in August, a negative test in early September in relation to which "the collector indicated that the specimen was not within the normal range," and then two more failures to appear. The mother largely failed to participate in recommended mental-health treatment throughout the proceedings as well. The combined permanency-review and termination-of-parental-rights case came on for hearing on September 28.

On the question of additional time in its termination ruling, the juvenile court acknowledged the mother's success in the first proceeding but recognized "[t]his time around her behavior has been different." Based on the mother's failure to

meaningfully participate in services, the court concluded "that six months from now we would likely be in the same position we are in now."

On our review, we summarily agree with the juvenile court. The mother continued to test positive for methamphetamine as late as one month before the termination hearing. *See, e.g.*, *In re M.H.*, No. 23-0977, 2023 WL 5092471, at *3 (Iowa Ct. App. Aug. 9, 2023) (denying request for additional time where mother tested positive for methamphetamine and did not participate in treatment in the month leading up to the termination hearing); *In re S.J.*, No. 15-1522, 2016 WL 1133893, at *2–3 (Iowa Ct. App. Mar. 23, 2016) (affirming denial of additional time where parents tested positive for drugs two months before termination hearing); *In re M.F.*, No. 10-1344, 2010 WL 3894639, at *2 (Iowa Ct. App. Oct. 6, 2010) (concluding "a deferral of termination for six months was not warranted" when parent tested positive for drugs four months before the termination hearing). "Given the mother's long history of substance abuse and unquestionably [near] continuous use throughout these proceedings, she would need to demonstrate maintenance of sobriety for a long period of time before the child[ren] could be [safely] placed in her care, certainly longer than six months." *In re S.J.*, No. 21-0238, 2021 WL 1904646, at *2 (Iowa Ct. App. May 12, 2021).

Because additional time is not warranted, we affirm.

**AFFIRMED.**