# IN THE COURT OF APPEALS OF IOWA

No. 24-1574
Filed December 18, 2024

**IN THE INTEREST OF G.A. and S.A.,**
**Minor Children,**

**C.A., Father,**
   Appellant.

_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, Judge.

A father appeals the juvenile court's order terminating his parental rights to his minor children. **AFFIRMED.**

Rebecca L. Williams, Cedar Rapids, for appellant father.

Breanna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Robin L. Himes, Linn County Advocate, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

The juvenile court terminated the parental rights of a father to his two children—one born in 2014 and the other in 2017. The State did not seek termination of the mother's parental rights. Though the father failed to appear for the termination trial—or any of the hearings in the underlying child-in-need-of-assistance proceedings—he appeals.

The father's petition on appeal purports to raise four issues. He contends the juvenile court erred by: (1) concluding the State established a statutory ground for termination under Iowa Code section 232.116(1)(h) (2024); (2) finding termination is in the children's best interests; (3) failing to apply the exception for termination based on the closeness of the parent-child relationships under section 232.116(3)(c); and (4) refusing to give the father an additional six months to work toward reunification.

The State contends the father waived all four issues due to failure to make any substantive arguments in support of his challenges. We agree.

While the father's petition cites legal principles applicable to each of the four issues he raises, he makes no substantive arguments applying the relevant legal principles to the facts of this case to explain why he believes he is entitled to relief. To substantively address his claims would require us to don the hat of an advocate and tease any substantive argument from the father's petition, and that is something we decline to do.[1] *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000)

---

[1] Even if the father had not waived his challenge to the statutory grounds for termination, he only challenges termination under section 232.116(1)(h). Paragraph (h) is not one of the grounds relied upon by the juvenile court, but even if we assume this is a typographical error and the father meant to challenge

("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Despite our finding of waiver, we have reviewed the record de novo. Based on that review, we conclude that multiple grounds for terminating the father's rights were established; termination of the father's rights is in the children's best interests; there is no evidence of a bond between the father and the children, let alone such a close relationship that it would be detrimental to the children to terminate his rights; and there is no basis to conclude the father would be in a position to resume custody of the children if given an additional six months to work toward reunification.

**AFFIRMED.**

---

termination under paragraph (f)—a similar ground actually relied upon by the juvenile court—the father does not challenge the juvenile court's termination of his rights under section 232.116(1)(b) and (e). The father's failure to challenge all statutory grounds allows us to affirm on the unchallenged grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").