**IN THE COURT OF APPEALS OF IOWA**

No. 25-0938
Filed July 23, 2025

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**F.F., Mother,**
        Appellant.
_____

Appeal from the Iowa District Court for Fayette County, Linnea M.N. Nicol, Judge.

A mother appeals a juvenile court bridge order. **AFFIRMED.**

David James Hanson of Hofmeyer & Hanson, P.C., Fayette, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Sarah Dooley Rothman of Rothman Law Office, Independence, attorney and guardian ad litem for minor child.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

The juvenile court entered a bridge order transferring jurisdiction over the custody, physical care, and visitation of a child—born in 2010—to the district court. That order placed the child in her father's sole legal custody and physical care, with limited visitation for the mother.

The mother appeals,[1] raising two issues: (1) the Iowa Department of Health and Human Services failed to make reasonable efforts to support reunification; and (2) due to the lack of reasonable efforts, the juvenile court should have returned the child to the mother's home. The State contends the mother "waived all issues on appeal." We agree.

The mother's petition on appeal does not "state what findings of fact or conclusions of law" the juvenile court made "with which [she] disagrees"; contains no references to "a particular part of the record, witnesses' testimony, or exhibits" that support her position on appeal; and cites only one case in support of her stated issues, with no explanation about how that case applies to those issues. *See* Iowa R. App. P. 6.1401–Form 5; *see also* Iowa R. App. P. 6.201(1)(d) (requiring the "petition on appeal [to] substantially comply with rule 6.1401–Form 5"). In sum, the mother makes no substantive argument explaining why she is entitled to relief. And we will not "don the hat of an advocate" and make those arguments for her. *In re G.A.*, No. 24-1574, 2024 WL 5153371, at *1 (Iowa Ct. App. Dec. 18, 2024); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing

---

[1] The mother previously appealed from the same child-in-need-of-assistance proceedings two other times. *See In re M.A.*, No. 24-1274, 2025 WL 52767 (Iowa Ct. App. Jan. 9, 2025); *In re M.A.*, No. 24-0092, 2024 WL 1548812 (Iowa Ct. App. Apr. 10, 2024).

argument is insufficient to identify error in cases of de novo review."); *Hyler v. Garner*, 548 N.W.2d 864, 876 (1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) ("To reach the merits of this case would require us to assume a partisan role and undertake the appellant's research and advocacy. This role is one we refuse to assume.").

Because the mother's position "is not adequately formulated to facilitate our review," *see In re J.W.*, No. 18-2218, 2019 WL 719056, at *1 (Iowa Ct. App. Feb. 20, 2019), we affirm the juvenile court's bridge order.

**AFFIRMED.**